## GUBAS *v.* BUCSKO.

1. Evidence — Weight Not Determined by Mere Number of Witnesses.

   The weight of the evidence is not determined by the mere number of witnesses.

2. Appeal and Error — Verdict on Facts Final Unless Against Great Weight of Evidence.

   The verdict upon the facts is final unless manifestly against the great weight of the evidence.

3. Evidence — Verdict Not Against Great Weight of Evidence.

   In an action for work and labor at an agreed price per day, where the defense was no employment of plaintiff, but an oral agreement of copartnership between plaintiff and defendant, a verdict for plaintiff, *held*, not against the great weight of the evidence.

4. Appeal and Error — Amending Declaration Without Objection Not Reviewable.

   Where the declaration was amended without objection, and no claim of surprise or objection to the trial proceeding was made, and there was no ruling made by the trial court, the record presents no question thereon for review by the Supreme Court.

5. Same — Evidence — Admissibility Not Open to Review in Absence of Objection.

   Where no objection to the admission of evidence was made in the trial court, and no ruling had thereon, the question of its admissibility is not open to review by the Supreme Court.

6. Same — Remarks of Counsel Not Reviewable In Absence of Objection.

   Remarks of counsel are not reviewable in the absence of an objection thereto and a ruling thereon.

7. Same — Requested Instruction, Necessity for.

   Where improper testimony was stricken out by the court on motion of defendant's counsel, if anything further was

necessary to prevent prejudice, a request therefor should have been made to the court.

8. SAME—STRIKING OF UNRESPONSIVE ANSWER NOT PREJUDICIAL.

Where defendant, in answer to the question as to who kept the time, volunteered the statement that plaintiff was considered his partner, the striking out of that part of the answer which was not responsive to the question cannot be said to have left the impression that the court was reflecting upon the merits of defendant's claim of partnership.

9. NEW TRIAL — NEWLY-DISCOVERED EVIDENCE — CUMULATIVE EVIDENCE.

A motion for a new trial on the ground of newly-discovered evidence was properly denied, where said new evidence was merely cumulative.

Error to Wayne; Mandell (Henry A.), J.    Submitted June 20, 1922.. (Docket No. 115.)    Decided July 20, 1922.    Rehearing denied November 2, 1922.

Assumpsit by Andrew Gubas against John E. Bucsko for work and labor.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*McIntyre & Robinson,* for appellant.

*Alexander & Ruttle,* for appellee.

WIEST, J.    Suit by plaintiff to recover pay for work and labor performed, as he claims, for defendant at an agreed price of $10 per day.    The defense made was, no employment of plaintiff, but an oral agreement under which a garage was to be built on a lot owned by defendant, plaintiff to furnish the labor, and defendant to furnish the lot and material, and when the building was completed the price of the lot was to be deducted and the parties to share in the profits of the adventure as copartners.    The jury rendered a verdict for plaintiff, and defendant made a motion for a new trial which was denied.

On cumulative evidence as grounds for new trial in civil case, see note in L. R. A. 1916C, 1162.

The case is here on writ of error. Defendant claims the verdict was against the great weight of the evidence, and assigns errors upon the trial. It is elementary law that the weight of the evidence is not determined by the mere number of witnesses. The jury may accept the evidence of one witness as against that of several. The verdict upon the facts is final unless manifestly against the great weight of the evidence. An examination of the record does not persuade us to set the verdict aside for the reason alleged.

The first two counts of the original declaration were quite in accord with defendant's claim of their relations as joint adventurers, but the declaration included the common counts in assumpsit, supplemented by a bill of particulars of the time spent in defendant's employ. The second day of the trial an amended declaration was filed, abandoning the first two counts of the original declaration and counting for work and labor performed for defendant, and including the common counts in assumpsit. The record discloses no objection to the filing of the amended declaration or claim of surprise, or objection to the trial proceeding, and the error alleged in permitting this amendment presents no ruling of the trial court for our review.

Defendant was called as an adverse witness by plaintiff, and thereafter another witness testified that defendant's reputation for truth and veracity was not very good, he was sorry to say. No objection having been made, no motion to strike out, and no ruling had, it must be considered as a mere passing incident of the trial, and not having been noticed then by counsel as of enough importance to need correction by the trial judge, cannot be urged here as error.

Error is assigned upon the following remarks of counsel for plaintiff in his examination of defendant:

"*Q.* It was just $250 that you paid to him, was it?
"*A.* I didn't pay to him. I loaned it to him.

"*Q.* Well, all right, we will let you get away with that for a minute."

No objection—no ruling—no error presented.

The improper attack upon defendant by witness John J. Santa was stricken out by the court on motion of counsel for defendant, and if anything further was necessary to prevent prejudice a request should have been made, at that time, to the court for instruction to the jury.

When defendant was a witness in his own behalf he was asked:

"*Q.* Who presented their time?
"*A.* He did.   He was, of course, considered my partner.
"*Mr. Alexander:* Just a minute.   I object to that and ask that it be stricken out.
"*The Court:* The latter part of the answer may be."

We are urged to hold that in striking out such testimony it must naturally have left the impression with the jury that the court was reflecting upon the merits of defendant's claim.   The inference urged is too far fetched.   The court was right.

In support of the motion for a new trial, defendant presented the affidavit of his brother relative to conversations he had had with the plaintiff, and it was claimed this constituted newly-discovered evidence, because this brother had not been on good terms with defendant, and the conversation was not made known until a few days after the trial.   There was no error in refusing a new trial.   The so-called newly-discovered evidence was merely cumulative.

The other assignments of error have been considered and are without merit.

The judgment is affirmed, with costs to plaintiff.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.