PRATT *v.* VAN RENSSELAER.

1. CONTRACTS—CASE FOR JURY.
   In an action upon a contract to do the carpenter work upon a house and for extras, record *held*, to show that plaintiff made a case for the jury.[1]

2. PRINCIPAL AND AGENT—EXTENT OF AGENT'S AUTHORITY JURY QUESTION.
   In contractor's action against the owner for the balance due, in view of the testimony as to the authority of the architect to act for defendant, his authority and the extent of it were jury questions.[2]

3. APPEAL AND ERROR—REQUESTS TO CHARGE—HARMLESS ERROR.
   In an action upon a contract to do the carpenter work upon a house and for extras, the giving of plaintiff's request to charge that the owner was bound by the architect's certificate, given to plaintiff, was not reversible error where it was modified by a further instruction requiring compliance by plaintiff with all of the conditions of the contract before the certificate was available in his behalf.[3]

[1]Building and Construction Contracts, 9 C. J. § 228; [2]Agency, 2 C. J. § 733; Building and Construction Contracts, 9 C. J. § 228 (Anno); [3]Appeal and Error, 4 C. J. § 3013; Trial, 38 Cyc. p. 1785.
On the question of liability for services of one employed by agent or architect, see note in L. R. A. 1918F, 72, 75, 77.

4. TRIAL—CHARGE CONSIDERED AS WHOLE.

    Excerpts from the charge, without considering what precede and what follow them, may not be made the basis of reversal but the charge must be considered in its entirety.[4]

5. APPEAL AND ERROR—HARMLESS ERROR.

    In contractor's action against the owner for the balance due, although question asked defendant's expert witness, on cross-examination, as to whether defendant's architect was a careful one might well have been excluded, refusal to do so was not reversible error.[5]

6. TRIAL—REQUESTED INSTRUCTION PROPERLY REFUSED WHERE NOT SUSTAINED BY TESTIMONY.

    In contractor's action against the owner for the balance due, there was no error in refusing defendant's requests to charge that if the architect was negligent his acts did not bind the defendant, where there was no testimony to sustain such claim.[6]

Error to Oakland; Tappan (Harvey), J., presiding. Submitted June 23, 1926. (Docket No. 85.) Decided July 22, 1926.

Assumpsit by Walter M. Pratt against Ruby I. Van Rensselaer for a balance due on a building contract. Judgment for plaintiff. Defendant brings error. Affirmed.

*Fred H. Aldrich* and *Arnold F. Zeleznik,* for appellant.

*Lynch & Lovett,* for appellee.

FELLOWS, J.     Plaintiff brought this suit to recover upon a contract under which he did the carpenter work on defendant's house and for extras. The contract price was $8,092.60, the claim for extras amounted to $2,305.31. He had been paid by defendant on order

---

[4]Trial, 38 Cyc. pp. 1778, 1779; [5]Appeal and Error, 4 C. J. §§ 2951, 2980; [6]Trial, 38 Cyc. pp. 1618, 1619.

of her architect $9,510, and claimed with interest a balance due of $887.91.    Defendant did not give notice of recoupment but insisted plaintiff had not properly performed the terms of the contract in several particulars and was not entitled to recover the balance due on the contract price.    It does not seem to be seriously contended that the extras were not furnished or the price charged was not correct. Many minor defects in workmanship and material were claimed by defendant, but the chief complaint grows out of the laying of the floors.    The specifications and blueprints are not before us but the record discloses that there was to be a sub-floor, overlaid by paper felt, and that the flooring proper was to be laid diagonal to that of the sub-floor.    Defendant contends that the floor bulged, and claims this resulted from a failure to lay the flooring diagonal to the sub-floor, that it paralleled it and that the paper felt was not put in.    Plaintiff contends that the bulging of the floors arose from another cause.    The house was turned over to defendant about Christmas time and shortly thereafter she went to Europe and the house remained without heat during the cold winter months, and he insists the dampness, frost, weather and other conditions caused the bulging.    Both parties had expert evidence sustaining their respective claims.    Plaintiff also claims that the paper felt was put in and that there was a substantial compliance with the requirement to lay the floor diagonally; that he commenced laying the floor at an angle of 45 degrees but that the contour of the rooms would not permit a maintaining of that exact degree but that none of it was laid parallel with the sub-floor and all was laid diagonally to some degree and to the satisfaction of defendant's architect.    It may be well to state at this point, in view of defendant's motion for a directed verdict, that plaintiff upon this record made a case

for the jury. A verdict for something less than plaintiff's claim was followed by judgment which this writ of error reviews.

After plaintiff's testimony had been given, he called defendant's architect for cross-examination under the statute. Several assignments of error are based on the overruling of objections to questions asked him. If he had been plaintiff's witness another question, somewhat doubtful, however, would be presented. We do not perceive that any of the questions asked him were not proper on cross-examination. He gave testimony on such cross-examination tending to establish his agency for defendant in the erection of the house and in dealing with the various contractors. While defendant later modified her testimony, she did say on cross-examination:

"The contract was let entirely through the architect. * * * He prepared the plans and specifications, and he superintended the job. He had authority from me to do all those things."

With this testimony in the case, we need not consider the authority of an architect as matter of law, as we are satisfied on this record the authority of the architect and the extent of it were jury questions.

Plaintiff had been given a certificate by the architect for $650 which was a part of plaintiff's claim. Defendant assigns error on the giving of plaintiff's first request, which was as follows:

"I charge you, members of the jury, that the architect is the agent of the owner, and that if you find that the defendant gave her architect the exclusive right to pass upon or determine the amount of money due to the plaintiff at any stage of his work, then the defendant is bound by the certificate of February 27, 1924, and you must find for the plaintiff in the amount of $650 and interest at the rate of 5 per cent. per annum, to the date of the trial."

But an examination of the charge discloses that after reading this request the trial judge said:

"Now, that is the request.   I will give that with this provision: That is, provided you find that the plaintiff complied with all the terms and conditions of his contract and his duty in relation to material and character of work, as I have explained."

The charge must be considered in its entirety.   Excerpts, without considering what precede and what follow them may not be made the basis of reversals. In the instant case it will be noted that the trial court by what he said following the reading of the request practically nullified it.   If the request was improper, a question not necessary to decision, it could not be harmful to defendant as the modification made compliance with the contract necessary before the certificate of the architect was available in plaintiff's behalf; obviously if plaintiff had complied with the contract he was entitled to recover.   A like situation was presented as to plaintiff's second request.

One of defendant's expert witnesses, who was familiar with the work of defendant's architect, was asked on cross-examination if he was a careful architect.   While the answer might well have been excluded, we do not think it constituted reversible error.   And in this connection, we think the court properly refused to give defendant's requests, the tenor of which were that if the architect was negligent, his acts did not bind defendant.   There was no testimony to sustain such a claim.   The architect not only drew the plans, specifications, and contracts, but he devoted much time to the work of supervision.   His home was but a short distance away, and he was on the job practically every day.   Defendant caused many changes to be made as the work progressed and the architect, so far as this record discloses, was faithful to her interest and frequently present as the work

progressed.    That the house cost more than defendant expected it would was no doubt largely due to the many changes suggested by her.

The other assignments of error have been considered but do not merit discussion.

The judgment will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.