BAKER v. SAGINAW CITY LINES, INC.

1. Carriers—Trial—Opening Statement—Nonjoinder of Parties—Respondeat Superior—Instructions.

Remark by defense counsel in opening statement as to plaintiff's nonjoinder of bus driver in action for personal injuries sustained while a passenger on defendant's motor bus *held*, not to have constituted reversible error, where case was tried on the theory of *respondeat superior* whereby the negligence of the bus driver was imputable to the carrier and that theory was presented to the jury by the court in its instructions.

2. Trial—Special Questions—Form—Objection.

Submission of special question as to whether bus driver "was guilty of negligence in the operation of his motor bus at the time" plaintiff, a passenger, was injured *held*, not reversible error, where plaintiff had failed to object to its form or substance and jury's answer thereto was consistent with the general verdict, since the special question required a finding on one of the ultimate factual issues determinative of defendant's liability.

---

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error § 1062 *et seq.*
[2] 53 Am Jur, Trial §§ 824, 1063 *et seq.*
[3] 53 Am Jur, Trial § 568.
[4] 3 Am Jur, Appeal and Error § 1097.
[5] 5A Am Jur, Automobiles and Highway Traffic § 231.
[6, 7] 3 Am Jur, Appeal and Error §§ 378, 1097.

3. SAME—SPECIAL QUESTIONS—INSTRUCTIONS.

Court's instructions, given to jury when it returned to courtroom and made query with respect to special question, which pointed out defendant's theory of defense without giving the same or equal attention to the plaintiff's theory of recovery, did not constitute reversible error, where such instructions when taken with the complete charge of the court to the jury adequately and fairly presented the theory of each party in the case, it not being necessary each time a particular theory is mentioned that attention be called to the opponent's theory.

4. SAME—INSTRUCTIONS—THEORY OF CASE.

The charge of the court to the jury must be taken as a whole and, if in this manner the theories of both parties and the law applicable thereto are adequately and fairly presented to the jury, no reversible error is committed by the court in respect to the instructions.

5. CARRIERS—PASSENGERS—INSTRUCTION—VIOLATION OF STATUTES—ORDINANCES—EVIDENCE OF NEGLIGENCE.

Instruction that the mere violation of a pertinent State statute while operating a motor vehicle on a public highway would be negligence *per se* and then pointing out that the violation of a city ordinance is only evidence of negligence and not negligence *per se held*, not to have constituted reversible error in action by bus passenger for injuries sustained while on defendant's bus because of sudden stopping when an unknown driver came from an intersecting street and passed immediately in front of defendant's bus without having stopped.

6. SAME—INSTRUCTIONS—EMERGENCY STOP—THEORY OF CASE.

Instruction relative to emergency stops by defendant's bus, which instruction was correct as to the law given, was not reversible error by reason of the fact that only defendant's theory was pointed out and omitted to give equal consideration to plaintiff's theory, where the full instructions did present plaintiff's theory fully and adequately and no objection was made by plaintiff at the time the instruction was given.

7. TRIAL—INSTRUCTIONS.

The fact that sentences in instructions to the jury are objectionable when considered independent of context does not constitute reversible error, where the charge of the court, taken as a whole, correctly states the law as applicable to the particular case, and clearly defines the issue.

Appeal from Saginaw; Huff. (Eugene Snow), J. Submitted October 4, 1961. (Docket No. 18, Calendar No. 48,405.) ·Decided March 19, 1962.

Case by John S. Baker against Saginaw City Lines, Inc., a Michigan corporation, for personal injuries sustained while a passenger in motor coach. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Roy De Gesero,* for plaintiff.

*O'Keefe, Braun, Kendrick & Finkbeiner (Russell A. Schafer,* of counsel), for defendant.

KAVANAGH, J. Plaintiff sued defendant bus company to recover for personal injuries allegedly sustained while riding as a passenger on defendant's bus on October 17, 1955. Plaintiff claims he was thrown from his seat as the result of a violent, abrupt stop of the bus due to the negligence of the bus driver in exceeding the speed limit and in not having the bus under control.

Defendant answered denying any negligence on the part of the driver of the bus, but alleging the abrupt stop was caused by the driver of an unknown vehicle which entered the intersection in the path of the bus without stopping at the stop sign.

Plaintiff in turn filed a reply indicating the negligence of the bus driver was a proximate cause of the accident and that such negligence continued to the time of the injury. The bus driver, Everett Leishman, was not joined as a party defendant.

Testimony was introduced in behalf of plaintiff to the effect the bus driver was proceeding in excess of the speed limit and talking to a passenger over his shoulder just prior to the time of the accident.

After the trial on the merits of the controversy,

the jury returned a verdict of no cause for action. A motion for new trial was made by plaintiff and denied by the trial court and judgment entered accordingly.

Plaintiff appeals claiming reversible error as to the following matters:

(1) Reference to plaintiff's nonjoinder of the bus driver in argument of defense counsel and in stating such fact in the instructions and special question by the court was error, since the fact of nonjoinder was immaterial.

(2) The special question by the court was improper as it indicated to the jury a lesser degree of care was incumbent on the defendant carrier than the law requires.

(3) The court erred in giving special instructions to the jury with regard to the special question in which the court pointed out the theory of the defense without giving the same or equal attention to the plaintiff's theory of recovery.

(4) The court's instruction concerning State trunklines was improper, since no State trunkline was involved.

(5) Instructions to the jury regarding emergency stops at the request of the defendant though correct as to the law were prejudicial in that such instructions revealed facts from the case that only point out the defendant's theory and omit application of the remaining facts of the case so as to give plaintiff's theory equal consideration.

The record discloses that counsel for the defendant in his opening statement stated to the jury:

"*Mr. Schafer* (counsel for defendant): May it please the court, ladies and gentlemen of the jury, you have heard the plaintiff's attorney, Mr. De Gesero, state to you what he expects to prove on behalf of the plaintiff.

"He has spoken of getting a wild ride in a bus owned by the Saginaw City Lines.

"Mr. De Gesero started this action in behalf of his client against only the Saginaw City Lines, and I would call your attention to the fact that any negligence that is charged here in the operation of the vehicle, Mr. De Gesero is stating that these are things that an employee of the Saginaw City Lines did, and did wrongfully.

"Mr. De Gesero did not name Mr. Leishman, the former employee of the Saginaw City Lines, as a defendant in this case. For what reason, I don't know.

"Bear in mind that the statement that Mr. De Gesero made, just as the statement that I am making to you, represents solely what he expects to prove——

"*Mr. De Gesero:* If your Honor please, I wish at this point to make an objection.

"Mr. Schafer has left an impression with this jury that I didn't sue the driver.

"Now your Honor, I did not know the name of this driver until after I started the suit and Mr. Schafer furnished me that name.

"Now, had I known it, it is a very simple thing to put his name on the situation but that is not an opening statement, he is arguing and if your Honor please, I think he can tell us what he is going to prove.

"*The Court:* You may continue, Mr. Schafer."

We do not have the entire statement to the jury transcribed, but the portion set forth above would indicate defense counsel did not make an extreme statement. Although the plaintiff had a right to join the bus driver as a defendant in this case, comment on his failure to do so should in no way prejudice the plaintiff with the jury, in view of the instructions of the trial court as to the liability of the bus company. It should be noted that plaintiff tried this case on the theory of *respondeat superior*—that the negligence of the bus driver was imputable

to his employer. This theory was presented to the jury by the court in its instructions. In view of the above no prejudicial error resulted as to the remark about nonjoinder of the bus driver as a defendant.

The second claimed error was that the following special question was submitted in an improper form:

"Do you find that Everett Leishman was guilty of negligence in the operation of his motor bus at the time, on October 17, 1955?"

The special question required a finding as to the presence or absence of negligence on the part of defendant's bus driver. This was one of the ultimate factual issues determinative of defendant's liability. As in *May* v. *Goulding,* 365 Mich 143, the question required the jury to answer a question of law or, at best, a mixed question of law and fact. See authorities cited and quoted in *May* v. *Goulding, supra.* Its submission did not, however, amount to reversible error, plaintiff having failed to object to its form or substance (*Dupont* v. *Starring,* 42 Mich 492) and the jury's answer thereto having been consistent with the general verdict.

The third claim of error is that the trial court gave special instructions to the jury with regard to the special question wherein it pointed out the defendant's theory of defense without giving the same or equal attention to the plaintiff's theory of recovery. The jury returned to the courtroom and asked the following questions, and the trial court gave the following instructions:

"*The Court:* Members of the jury, do I understand you have a question for the court?

"*Jury Foreman:* Yes, your Honor.

"*The Court:* What is it?

"*Jury Foreman:* When you charged the jury with the negligence of the unknown [driver], and what bearing would that have upon or bearing would

that have with the negligence or responsibility of the bus driver?

"*The Court:* The question would be whether the negligence of the unknown [driver] was the sole cause of the incident or whether the negligence, if any, of the bus driver contributed also to it.

"In other words, it is claimed by the plaintiff here that the bus driver was negligent in the operation of the bus. and that therefore the defendant bus company is liable.

"The defendant bus company claims that the bus driver was not negligent under the circumstances, and that if there was any negligence it was due to the, it was the action of the unknown driver who drove onto Sears street in disregard of the stop sign, without stopping, and that his unlawful action created a sudden emergency which required the bus driver to act as he did, without any negligence on the part of the bus driver, according to the claim of the bus company, you understand.

"I don't know if I have answered your question or not. I will say this, that—

"*Mr. De Gesero:* Your Honor—

"*The Court:* The question is whether the bus driver was negligent and whether his negligence, if any, was a proximate cause of plaintiff's injuries if any.

"Now, if plaintiff's injuries were the proximate result of somebody else's negligence, or if under the circumstances the bus driver was not guilty of any negligence, then of course the plaintiff could not recover.

"Is there any other question?

"Have I answered your question?

"Is there something further?

"*Jury Foreman:* I was just asking the question, could you find them both negligent?

"*The Court:* Yes, you could, if under the evidence you believe that the facts warrant that. You could find both the bus driver negligent and this other unknown driver negligent. If the negligence of both

contributed to the plaintiff's injuries, then plaintiff could recover from the bus company.

"That's all.

"Is there any other question?

"*Jury Foreman:* Yes, Mr. Schafer, we want to know what street this is.

"*The Court:* Well, you can't ask that. That is a question of fact.

"The court can advise you on a question of law but the facts have been submitted here under oath by the witnesses and we can't go into that again.

"We could have you listen to some of the testimony from the witness stand if necessary, but the case is concluded insofar as the facts are concerned.

"*Jury Foreman:* Thank you.

"*The Court:* Any other questions? Just a minute, before you go. May I talk with the attorneys?

"All right. If there is no other question I will ask you to resume your deliberations. Do you have any other question?

"*Jury Foreman:* Yes, we have, your Honor. We have a paper up there. It is something about the responsibility of the bus driver.

"*The Court:* I can't answer you, I am sorry.

"*Jury Foreman:* We have a paper up there, your Honor, and it is about the responsibility of the bus driver and it said all the jurors should sign that paper.

"*The Court:* Yes.

"*Jury Foreman:* What is the purpose?

"*The Court:* Well, under the law the court under certain circumstances submits to the jury a special question.

"In this case, the requirements of the law having been met, the court has submitted to you a special question which you must answer and your answer must be the unanimous answer of all 12 of the jurors. You will answer that question in accordance with your finding of fact involved here.

"*Jury Foreman:* Well, your Honor, the way the question reads, if we signed it now the driver of the bus would be guilty.

"*The Court:* I have no comment on what your findings will be. You simply would answer that question to the best of your ability on the basis of the evidence presented here.

"(Conference between court and counsel at the bench.)

"*The Court:* Do you have any other question before you leave?

"All right, then, will you please resume your deliberations or if you have another question, you may state it now.

"*Jury Foreman:* I guess that covers it, your Honor.

"*The Court:* All right."

These instructions taken with the complete charge of the court to the jury adequately and fairly presented the theory of each party in the case. It is not necessary each time a particular theory is mentioned that attention be called to the opponent's theory. We have many times held that the charge of the court must be taken as a whole, and if in this manner the theories of both parties and the law applicable thereto are adequately and fairly presented to the jury no reversible error is committed.

An examination of plaintiff's declaration discloses with reference to his fourth objection that plaintiff claims violation of the State statute. While the entire statute quoted might not have been material to the particular issue, the portion with reference to stop signs and traffic signals and their use to control traffic was pertinent. The court, however, called the attention of the jury to the fact there was no evidence that the street involved was a State trunk-line highway and, in the opinion of the court, would be governed by the ordinances of the city of Saginaw. He indicated that if an act violates a statute of this

State, the mere violation of the statute is negligence *per se,* and then pointed out the violation of a city ordinance is only evidence of negligence and not negligence *per se.* Use of the State statute in this manner does not constitute reversible error.

Plaintiff finally argues that the court committed error in giving an instruction relative to emergency stops. He admits the correct law was given, but argues the facts from this case applied to the law given, only pointed out defendant's theory and omitted to give plaintiff's theory equal consideration. Reading the full instructions, plaintiff's theory was fully and adequately pointed out. No objection was made by plaintiff at the time the instruction was given.

This Court has repeatedly upheld the familiar rule of *Provost* v. *Brueck,* 110 Mich 136, and followed in *Bouma* v. *Dubois,* 169 Mich 422, 434, and *Gilson* v. *Bronkhorst,* 353 Mich 148, to the effect that where the charge of the court, taken as a whole, correctly states the law as applicable to the particular case, and clearly defines the issue, the fact that sentences are objectionable when considered independent of the context does not constitute reversible error.

In *Gilson* v. *Bronkhorst, supra,* we quoted from *Eger* v. *Helmar,* 272 Mich 513, 517, as follows (p 161):

"In the instant case, as sometimes happens, certain portions of the charge to the jury when isolated from the general context are somewhat indefinite and possibly inaccurate. But as a whole we think the charge advised the jurors of the law applicable to the case in such a manner as enabled them to make an intelligent and just disposition of the controverted issues."

The charge, read as a whole, competently, fairly and justly outlined the law in the case and the

theories of the respective parties. The jury weighed the testimony and arrived at their verdict. More plaintiff cannot ask.

The verdict and judgment are affirmed. Defendant shall have costs.

Dethmers, C. J., and Carr, Kelly, Black, and Souris, JJ., concurred.

Otis M. Smith and Adams, JJ., took no part in the decision of this case.