McCLELLAND v. SCHOLZ.

1. TRIAL—SPECIAL QUESTIONS—PROXIMATE CAUSE—CONFUSION OF JURY.

The submission of special questions to jury in action and cross action to recover damages arising from head-on collision whereby the jury was asked whether the proximate cause of the accident was the position of either or both of the cars on the highway *held,* to have been improperly submitted to jury, since they were mixed questions of law and fact, and to warrant reversal for new trial as it appears to have confused the jury and the questions were in violation of pertinent court rule requiring such questions to relate only to issues of fact (Court Rule No 37, § 7 [1945]).

2. NEW TRIAL—DAMAGES—SPECIAL QUESTIONS.

Fairness to both parties involved in action and cross action for damages from opposite party arising from a head-on collision on 2-lane, paved highway *held,* to require a new trial on all

issues, and not just limited to damages, where jury answered 3 of 8 special questions and stated it was unable to answer 3 others, since it is apparent jury was confused and answers given did not dispose of issue of contributory negligence that had been pleaded by defendant (Court Rule No 37, § 7 [1945]).

Appeal from Lapeer; Quinn (Timothy C.), J. Submitted January 9, 1962. (Docket No. 51, Calendar No. 49,016.) Decided May 17, 1962.

Case by Robert Joseph McClelland against Robert Floyd Scholz for personal injuries sustained in automobile collision on April 16, 1958. Cross declaration for similar damages. Upon jury's inability to find upon certain special verdicts, plaintiff's motion for new trial denied. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Kenneth H. Smith* (*Norman A. Baguley,* of counsel), for plaintiff.

*Bahls & Mohl,* for defendant.

DETHMERS, J. Plaintiff's declaration and defendant's cross declaration seek damages from the opposite party arising from a head-on collision between 2 automobiles respectively owned and driven by them. Each alleged and on trial offered proofs to show that the collision occurred entirely on his side of the center line of the 2-lane, paved highway. Neither alleged or claimed that he himself was forced, in advance of the collision, to the wrong side of the highway by an intervening force or by an independent or unforeseen cause, or was there under any extenuating or justifying circumstances. Neither claimed that the collision occurred at the center line. Each insisted that the opposite party was the one on the wrong side of the highway. Presented, then,

was a plain question of fact as to which automobile was on the right and which on the wrong side of the highway when the collision occurred.

The case was tried to a jury. Eight special verdicts were submitted to the jury by the court under the provisions of Michigan Court Rule No 37, § 7 (1945), which reads, in part:

"In any civil case, the court in its discretion may at any time, on its own motion or on request of either party, direct the jury to find a special verdict, and in such case no general verdict shall be returned. Such verdict shall be prepared by the court in the form of questions in writing, relating only to material issues of fact and admitting a direct answer, to which the jury shall make answer in writing. Instructions to the jury shall be limited to such matters as are material to the questions submitted."

The last 2 of the 8 special verdicts related to damages. The first 6 were as follows:

"1. At the time of the collision, was Mr. Scholz on the wrong side of the road?

"2. At the time of the collision, was Mr. McClelland on the wrong side of the road?

"3. Was the collision at the center line?

"4. Was the proximate cause of the accident the position of the Scholz car on the highway?

"5. Was the proximate cause of the accident the position of the McClelland car on the highway?

"6. Was the proximate cause of the accident the position of both cars on the highway?"

The jury retired and then returned to request further instructions explanatory of the word "proximate". Later the jury again returned and answered question 1 "yes", and questions 2 and 3 "no". They reported to the court that they were unable to answer question 4, for lack of evidence thereon, and so also as to questions 5 and 6, all relating to proximate cause.

The court treated the matter as a jury disagreement and discharged the jurors. Thereafter, plaintiff moved for a new trial which was denied. Defendant had moved for a directed verdict on the grounds: (1) that the jury had announced that it could not answer the question as to "proximate cause" because of insufficient evidence on the subject; (2) that the duty rested on plaintiff to establish by a preponderance of the evidence the element of proximate cause; and (3) that because plaintiff thus had failed to prove a material element of his case, defendant was entitled to a directed verdict of no cause for action. The trial court granted defendant's motion. Plaintiff appeals here, seeking reversal and remand for jury determination of plaintiff's damages only, or, in the alternative, a new trial of the whole cause.

It will be noted that the Court Rule No 37, § 7 (1945), provision for the court's preparation of special verdicts in the form of questions for submission to the jury, requires that the questions shall relate "only to material issues of fact". It seems to us that questions 4, 5 and 6, calling for jury determination of proximate cause of the collision were violative of the rule's provision that the questions should relate only to issues of fact. They went to mixed questions of law and fact. This seems to have occasioned the jury's difficulty and possible confusion, prompting their request for further explanation of the word "proximate" and ultimate announcement of inability to answer because of insufficient evidence thereon. We think the questions were improperly submitted and warrant a reversal for new trial.

In point is *May* v. *Goulding*, 365 Mich 143. While special questions with general verdict under Court Rule No 37, § 6 (1945), CL 1948, § 618.39 (Stat Ann § 27.1019), were involved there rather than special

verdicts under Court Rule No 37, § 7, as in the instant case, nevertheless, we think applicable here the holding there that it was prejudicial error to submit to the jury questions "on issues of law rather than fact". There the questions called for jury determination of the legal question of whether defendants were guilty of "gross negligence", here for jury determination of the equally legal question of whether defendant's action or inaction was "the proximate cause of the accident."

We agree that plaintiff, for reasons stated, is entitled to reversal and remand for new trial. We do not agree that he is entitled to remand solely for jury determination of his damages. The fact that the jury found as it did as to location of the 2 automobiles at time of collision and yet felt unable to answer the proximate cause question when the location of defendant's automobile on its wrong side of the pavement would seem so obviously to have been a cause, would suggest that the jury was troubled by questions relating to plaintiff's actions or inaction aside from the mere physical location of his automobile at the moment of impact. Defendant affirmatively pleaded contributory negligence. It cannot be said that the jury's answers were dispositive of that question or that the record is devoid of evidence from which reasonable inferences at least might be drawn on the subject. Fairness to both parties, therefore, requires reversal and remand for new trial of all issues properly in the case.

Reversed and remanded for new trial, with costs to abide the outcome.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, and Adams, JJ., concurred with Dethmers, J.

Otis M. Smith, J., concurred in result.