REETZ *v.* RIGG.

1. TRIAL—SPECIAL QUESTIONS—APPROVAL AND SUBMISSION BY COURT.
   A special question that is timely presented to the court and approved by it as to form and substance for submission to the jury is adopted by the court and submitted to the jury as an interrogatory of the court, not of counsel, and in such regard the duty of the court is no different than if the question had been drafted and redrafted by the court (CL 1948, § 618.39).

2. SAME—SPECIAL QUESTIONS—SUBMISSION BY TRIAL COURT.
   The trial judge has inherent power to draft and submit special questions to the jury regardless of request by counsel (CL 1948, § 618.39).

3. SAME—SPECIAL QUESTIONS—SUBMISSION BY TRIAL COURT.
   The submission of special questions to the jury, when requested, is required by statute, but such statutory command does not forbid the court, in the exercise of its inherent power, from submitting on its own motion special questions which will aid in reaching a proper verdict, its right in such respect being coextensive with its power to give instructions generally (CL 1948, § 618.39).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 1075.
[2, 3] 53 Am Jur, Trial §§ 1065, 1068.
[4] 53 Am Jur, Trial § 1063.
[6] 3 Am Jur, Appeal and Error § 872.
[7] 3 Am Jur, Appeal and Error § 246.

4. SAME—PURPOSE OF SPECIAL QUESTIONS.
   The specific object of special questions is that of ascertainment
   by the court, whether the jury has properly applied the law as
   given by the court to the jury's findings of fact (CL 1948,
   § 618:39).

5. SAME—SPECIAL QUESTIONS.
   It is improper to submit special questions or requested instruc-
   tions as having emanated other than from the court (CL 1948,
   § 618.39).

6. APPEAL AND ERROR—ERROR IN SUBMISSION OF SPECIAL QUESTIONS
   —SAVING QUESTION FOR REVIEW.
   It was too late, from and after rendition of the jury's verdict,
   to question procedure taken whereby the fact that a special
   question which had been presented by the defendants was
   stated to the jury as having been presented by them, although
   such designation of origin was improper, where counsel for
   neither party saved the question for review, the importance of
   errors of such nature, and their consequent effect as being
   either reversible or harmless, being judged in part by the atti-
   tude of counsel toward them when time yet remains to set
   things right in the jury room (CL 1948, § 618.39).

7. SAME—QUESTIONS REVIEWABLE—SAVING QUESTIONS FOR REVIEW.
   The Supreme Court is a court of review in law cases, not of re-
   trial, and considers duly raised and saved questions only.

Appeal from Bay; Smith (Richard G.), J. Sub-
mitted April 3, 1962. (Docket No. 7, Calendar No.
48,762.) Decided July 2, 1962.

Case by Milo Reetz against Alvin E. Rigg and
Jerry W. Rigg for personal injuries sustained in
automobile collision on March 9, 1956. Verdict and
judgment for defendants. Plaintiff appeals. Af-
firmed.

*Roy De Gesero,* for plaintiff.

*Heilman & Purcell,* for defendants.

BLACK, J. This is an intersectional collision case,
tried to court and jury in the Bay circuit. The jury

returned a verdict for defendants. Judgment on the verdict having entered, plaintiff moved for retrial, alleging—with other questions—erroneous submission to the jury of certain special questions defendants had proffered under the statute (CL 1948, § 618.39 [Stat Ann § 27.1019]). The motion was denied. Plaintiff appeals.

The crash intersection and approaching roadways were covered with ice. The 2 drivers approached from opposite directions. Plaintiff's pleaded and tried theory was that the defendant driver caused defendants' car to skid into his car as he, plaintiff, was attempting to make a lawful left turn in the intersection. Defendants, denying negligence on the part of their driver, pleaded contributory negligence consisting of effort by plaintiff to "cut the corner" in front of defendants' car without signalling intention of making such turn. Plaintiff, replying, insisted that the defendant driver was guilty of "gross negligence."

With its general verdict for defendants the jury reported answers to 4 special questions as follows:

"Was the negligence of defendant Jerry W. Rigg a proximate cause of the collision?

"Answer: Yes.

"Was the negligence of plaintiff Milo Reetz a proximate cause of the collision?

"Answer: Yes.

"Was the defendant Jerry W. Rigg guilty of gross negligence which was a proximate cause of the collision?

"Answer: No.

"Was the Reetz vehicle entirely out of the intersection at Frank and Community street at the time of collision?

"Answer: No."*

---

* We do not, by silence, indicate approval of the mixed (law and fact) form of the first 3 of these questions. See *May* v. *Goulding,* 365 Mich 143; followed in *McClelland* v. *Scholz,* 366 Mich 423,

Defendants, having proposed the above special questions, labeled one as "Defendant's special question." It was delivered in that form to the jury for answer. Also, and in the course of his charge, the trial judge informed the jury that some of the special questions had been presented by defendants. Near the end of the charge the following discussion took place in the presence of the jury:

"*The Court:* Now, there are 2 possible verdicts which you may render in this case. Number 1, you may find damages in favor of the plaintiff, in the sum of so many dollars; number 2, you may find judgment in no cause of action.—Anything further, gentlemen?

"*Mr. De Gesero* [plaintiff's counsel] : Your Honor, just a moment.*

"*The Court:* Now, I have indicated to you that the special questions were presented by particular parties. That should make no difference to you, who presents the special questions, you are to answer them fairly and honestly. All right. Anything further?

"*Mr. De Gesero:* I have nothing further, your Honor.

"*The Court:* Mr. Heilman?

"*Mr. Heilman:* I have nothing further."

The following was said later, at conclusion of the court's charge:

"*The Court*: I want to put on the record before we adjourn the following statement. I indicated to the jury that 1 of the questions was defendant's special question. Now, the court does not know whether that was the proper thing to do. However, I have called to the attention of both parties that the question as it was given to me had the title on it 'defendant's special question.' So, I fail to see how that in

---

* The record is silent, here, with respect to what if anything was said to the court by counsel for one or all parties prior to the court's subsequent utterances as quoted.

any way could be error. However, I did want to place it in the record, because Mr. Heilman did raise that objection that it should be placed in the record."

On motion for new trial plaintiff pointed vainly to the form and manner of submission of the special questions. Referring to the fourth quoted above, his counsel said and says now that the label is "contrary to the practice and rule"; that the question indicated its source and that he was thereby denied "a fair and impartial trial." The point calls for some comment upon and exposition of the respective functions of court, counsel, and jury when the cited statute is called duly into play.

When a special question is timely submitted to the court, and the court has approved it as to form and substance for submission, the question is adopted by the court and is submitted to the jury as an interrogatory of the court; not of counsel. In such regard the duty of the court is no different than if the question had been drafted or redrafted by the court.* The specific object is that of ascertainment, by the court, whether the jury has properly applied the law as given by the court to the jury's findings of fact (*Beecher* v. *Galvin,* 71 Mich 391; *International Wrecking & Transportation Company* v. *McMorran,* 73 Mich 467; *Holman* v. *Cole,* 242 Mich 402; and see cases cited in *Richards* v. *Birmingham School District,* 348 Mich 490, 496). The situation is no whit different than that which obtains when the trial judge approves requested jury instructions. In the latter

---

* That the trial judge has inherent power to draft and submit, regardless of request by counsel, was settled in *Vukich* v. *City of Detroit,* 318 Mich 515. On that occasion the following was taken from American Jurisprudence and adopted (p 521):

"Although the submission of special questions, when requested, is required by statute, the court is not thereby forbidden, in the exercise of its inherent power, from submitting on its own motion special questions which will aid in reaching a proper verdict, its right in this respect being coextensive with its power to give instructions generally." 53 Am Jur, Trial, § 1065, p 738.

instance the requested and approved instructions are adopted by the court and become a part of the court's charge. In the other the requested and approved special question is adopted by the court and is submitted by the court. The interrogator is the judge; not the movant lawyer or party. Such is the proper instructional posture of the question when it goes before the jury and is considered by the jury.

It is improper, then, to submit special questions or requested instructions as having emanated other than from the court. What was said unanimously in *Newton* v. *Consolidated Construction Co.*, 184 Mich 63, 75, 76, comes to mind as explanatory of that which we lay now before the profession and our trial judges:

"It is an exasperating thing, one which most trial lawyers have at some time had occasion to complain about, to have the trial judge say to the jury, 'I am requested to charge you,' proceed to read a request, and end by so qualifying or amending it, with or without argument, that its force as a declaration of the applicable law is weakened or wholly lost. The jury will usually understand by whom the request is preferred, and if several requests preferred by the same party suffer this fate, especially if they are contrasted with an unqualified, connected statement of rules favorable to the other party, dissatisfaction with an adverse verdict is to be expected."

Considering what took place during the trial we find no reversible error. When, during the course of jury instruction, plaintiff's counsel asked and received the relevant ear of the court, he was obligated to act with respect to the present specification of error on penalty of holding his peace from and after rendition of verdict. He could have moved for mistrial, or for withdrawal by the court of the labeled special question. He should in any case have objected to the form of the question when it was submitted

to the court pursuant to the time requirements of section 6 of Court Rule No 37 (1945). Finally, he should not have announced himself as having "nothing further" when Judge Smith inquired of counsel, as he did, after having made what to the judge was corrective instruction. It is not difficult at all, when such questions arise in the presence of the jury, to simply say in response to the court's question that a motion will be made at chambers immediately after the jury retires or, if the time element is opportune, upon suggested temporary retirement of the jury. As noted in *Gilson* v. *Bronkhorst,* 353 Mich 148, 160n, "We judge the importance of errors of such nature, and their consequent effect as being either reversible or harmless, in part by the attitude of counsel toward same when time yet remains to set things right in the jury room."

It was too late, from and after rendition of the jury's verdict, to question the procedure taken. See COOLEY, J., writing for the Court in *DuPont* v. *Starring,* 42 Mich 492, 495 (followed in *Baker* v. *Saginaw City Lines Inc.,* 366 Mich 180, 185), and the like ruling made in *Richards* v. *Birmingham School District, supra,* at page 498. This is no more than familiar application of a familiar tenet which distinguishes the appellate process. The Supreme Court of Michigan is a court of review in law cases; not of retrial. We consider duly raised and saved questions only. The rule, "No objection—no ruling—no error presented" (taken from *Gubas* v. *Bucsko,* 219 Mich 553, 556, and repeated in *Herbert* v. *Durgis,* 276 Mich 158, 166), is fundamental. We adhere to it lest litigation become endless.

No other question requires discussion. Judgment affirmed. Costs to defendants.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.