### PRENTIS v. MICHEL.

1. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE — SPECIAL QUESTIONS.

   Submission to jury of special questions as to whether plaintiff made observation for vehicles approaching from the south before attempting to cross street on which her husband had parked his car, whether she exercised care required when she walked from behind her husband's car and into the street, and whether her failure to observe the oncoming car contributed as a proximate cause of the accident and injuries notwithstanding timely objection by plaintiff, *held*, reversible error, since some were objectionable as requiring conclusions of law and confused the jury.

2. JURY—WAIVER.

   The entire right to a trial by jury is deemed waived unless demanded (Const 1908, art 2, § 13).

3. SAME—TAMPERING—EXCUSAL OF JUROR—PARTIAL WAIVER.

   The excusal of a juror after civil case had been submitted to the jury for determination, and after she claimed to have received an anonymous telephone call telling her to find for the defendant, constituted a limited and proper waiver (Const 1908, art 2, § 13).

4. SAME—TAMPERING—EXCUSAL OF JUROR.

   The excusal of a juror after case had been submitted to it, after deliberations had been commenced, and after she had reported receiving an anonymous telephone call during a weekend recess, telling her to find for the defendant *held*, to have cured the tampering, if it did occur, there being no claim that there was the slightest interference or tampering with other members of the jury.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic §§ 1028, 1029.
[2] 31 Am Jur, Jury §§ 45, 56, 59.
[3, 4] 31 Am Jur, Jury §§ 42 *et seq.*, 70, 71.
[5] 39 Am Jur, New Trial § 105.

5. NEW TRIAL—TAMPERING WITH JURY—EXCUSAL OF JUROR—CON-
SENT.
    Denial of motion for new trial was proper in actions arising out
    of injuries received by pedestrian as she was hit by defendant's
    car while crossing street, where motion was based on unanimous
    verdict of 10 remaining members of jury after excusal of
    juror who claimed she had received an anonymous telephone
    call during weekend recess telling her to find for defendant,
    excusal occurring after jury had commenced deliberations and
    made with the consent of plaintiffs' attorney.

CARR, C. J., and DETHMERS and KELLY, JJ., dissenting in part.

Appeal from Wayne; Rashid (Joseph G.), J. Sub-
mitted April 5, 1962. (Docket Nos. 28, 29, Calendar
Nos. 49,102, 49,103.) Decided November 14, 1962.
Rehearing denied December 31, 1962.

Case by Etta Prentis against Lloyd L. Michel for
personal injuries sustained when struck by automo-
bile. Derivative suit by John Prentis. Cases con-
solidated in effect in charge of court. Verdict and
judgment for defendant. Plaintiffs appeal. Re-
versed.

*Butzel, Eaman, Long, Gust & Kennedy* (*A. D. Con-
nor,* of counsel), for plaintiffs.

*Michael J. Landers,* for defendant.

ADAMS, J. On September 26, 1957, Etta Prentis,
80-year-old plaintiff, was driven to the beauty parlor
by her husband. He parked the car across the street
from the beauty parlor. Mrs. Prentis went behind
the car and started to cross the street. She was
struck by defendant's automobile coming north on
the opposite side of the street from the Prentis car.
She sustained serious injuries. The suits of plain-
tiffs charged defendant with negligence. Defendant
pleaded affirmatively that the accident occurred be-

cause of the negligence of Mrs. Prentis. The jury returned a verdict of no cause of action.

Two questions are raised. The first pertains to 3 special questions which were submitted to the jury at the request of the defendant and which are as follows:

"1. Did plaintiff make observation for vehicles approaching from the south before attempting to cross Log Cabin avenue?

"2. Did plaintiff, in walking from behind her husband's stopped automobile and into Log Cabin avenue exercise the care, caution, and prudence required by the circumstances?

"3. Did plaintiff's failure to observe the oncoming car contribute as a proximate cause of the accident and injuries?"

The first 2 questions were answered "No," the third "Yes."

This Court has been concerned with the problem of special questions in a number of recent cases. In the case of *May* v. *Goulding,* 365 Mich 143, where questions involving issues of law rather than of fact were submitted to the jury, and where the questions framed false issues that were not in the case, it was held that the submission of such questions was reversible error. *McClelland* v. *Scholz,* 366 Mich 423, again affirmed the fact that special questions requiring conclusions with regard to the law, especially if the same tend to confuse the jury, are improper and constitute reversible error. In the even more recent case of *Reetz* v. *Rigg,* 367 Mich 35, the requirements for preserving this type of question on appeal were stated, it being set forth therein that the prime responsibility for special questions is with the court and for objection to the same with counsel.

Not all special questions, even though improperly posed, constitute reversible error. In the case of *Baker* v. *Saginaw City Lines, Inc.,* 366 Mich 180, a

special question as to whether or not a bus driver was guilty of negligence was submitted to the jury. It was held that the question was not reversible error, the plaintiff having failed to object, and the jury's answer thereto having been consistent with the general verdict.

Special questions 2 and 3 were quite improper under rules set forth in *May* v. *Goulding, supra,* followed and approved in *Baker* v. *Saginaw City Lines, Inc., supra; McClelland* v. *Scholz, supra; Reetz* v. *Rigg, supra.*

An improper special question is usually an effective and continuing argument, right in the jury-room, of its scrivener's cause. If submission thereof is objected to on time, as is the case here, and if despite that objection the trial judge submits such improper question to the jury, the result is reversible error provided the aggrieved party brings the question here for consideration.

The second question raised in this appeal pertains to an incident that occurred at the conclusion of the trial. While it is most unlikely that there will be a repetition of such an incident on retrial, since the question of jury tampering is one of considerable concern, it may be well to consider this aspect of the problem. The jury began its deliberations late on a Thursday afternoon, and shortly was excused until the following Monday. Monday morning, deliberations began at 10 o'clock, continued to the noon recess, and began again at 2 p.m. At that time Juror Burg was called to the judge's chambers and questioned about a telephone conversation she had reported to the secretary of the jury commission during the Monday noon recess. The juror stated that on the previous Saturday afternoon, she had received an anonymous telephone call and that the caller had said "You better find Mr. Michel not guilty." The court asked plaintiffs' counsel if he had any objection

to excusing the juror and was advised that there was none.

One juror had been excused earlier in the trial. Consequently, the verdict was by a 10-man jury. It is now claimed that at the time when Juror Burg was excused the jury had stood 9 to 2 in favor of a "no cause" verdict. Juror Burg and one other were for the plaintiffs. Shortly after Juror Burg was excused, the other juror abandoned this position and a unanimous no cause verdict was returned. It is contended that if Juror Burg had not been tampered with, the final verdict of the jury might have been otherwise.

This case differs from *People* v. *Kangas,* 366 Mich 201, where there was an improper communication to the entire panel by the sheriff. This communication was to a single member of the jury who was excused. There was, in effect, no communication to the 10-member jury.

Plaintiffs' attorney consented to the procedure whereby Juror Burg was excused. If he felt that his clients would be prejudiced, some objection should have been made at that time. He could not wait until the verdict was in and then seek to attack the result. No claim is made that there was the slightest interference or tampering with the other members of the jury.

In civil cases, the entire right to a trial by jury is deemed waived unless demanded. Const 1908, art 2, § 13. What occurred here was a limited and proper waiver. The tampering, if it did occur, was cured.

The trial court did not err in denying a motion for new trial based upon the incident. However, for the reasons first stated, the case is remanded for a new trial.

Costs to appellants.

BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred with ADAMS, J.

DETHMERS, J. (*dissenting in part*).  Mr. Justice ADAMS has written that submission to the jury of special questions 2 and 3, said to involve issues of law rather than of fact, constituted reversible error under *May* v. *Goulding,* 365 Mich 143, *Baker* v. *Saginaw City Lines, Inc.,* 366 Mich 180, *McClelland* v. *Scholz,* 366 Mich 423, and *Reetz* v. *Rigg,* 367 Mich 35. No criticism is made of question No 1, to which the jury gave the factual answer that plaintiff had not made observation for vehicles approaching from the south (from which direction defendant was coming) before she attempted to cross Log Cabin avenue.

In the *May Case,* it was held to be reversible error to submit to the jury questions which injected the issue of defendants' gross negligence into the case when only ordinary negligence had been pleaded.  In the instant case, questions 2 and 3 went to the issue of plaintiff's contributory negligence which was pleaded and, defendant contends, was proved.  In the *May Case,* this Court held the questions prejudicial as calling for answers on issues of law rather than fact, especially because of repeated instructions pertaining to the false issue of gross negligence, injected by those questions, which was not framable under the pleadings and proofs in that case.  Here the questions go to the heart of the pleadings and proofs on an issue which was framed thereby.  Accordingly, *May* should not be deemed compelling of reversal here.

In *Baker,* as Justice ADAMS states, the submitted question was whether defendant driver was guilty of negligence.  This Court held its submission to the jury did not amount to reversible error, not only because plaintiff had not objected to it on trial, as was done here, but, also, as this Court, speaking

through Mr. Justice KAVANAGH, said (p 185), be-cause the question went to "one of the ultimate fac-tual issues determinative of defendant's liability * * * and the jury's answer thereto having been consistent with the general verdict." And so, in the case at bar, the questions bore directly on factual issues determinative of plaintiff's contributory neg-ligence and, hence, of defendant's liability, and the jury's answers were consistent with their general verdict for defendant. *Baker,* distinguishable only for lack of objection to the question at trial, seems determinative of affirmance here.

In *Reetz,* it was held that plaintiff's objection, made after verdict, to the court's informing the jury that 1 of the special questions had been submitted by defendant, came too late. That is scarcely author-ity for reversing the verdict for defendant here on the ground that the questions went to issues of law rather than fact.

With respect to *McClelland* v. *Scholz, supra,* Mr. Justice ADAMS properly observes that we there held improper special verdicts "requiring conclusions with regard to the law, especially if the same tend to confuse the jury." It is to be noted that involved there were special verdicts not, as here, special ques-tions and an accompanying general verdict which, as Mr. Justice KAVANAGH wrote in *Baker,* was con-sistent with the jury answers to the special questions. In *McClelland,* the court, despite the jury's answers to the first 3 fact questions favorable to plaintiff, nonetheless granted defendant's motion for a direct-ed verdict on the ground that the jury's failure to answer the next 3 special verdicts as to proximate cause established that plaintiff had failed to prove that essential element of his case. Here, the jury manifestly was not confused by the questions, as in *McClelland,* but was consistent in answering the first question of fact favorably to defendant, the next 2

questions, claimed to relate to issues of law, also favorably to defendant on the basis of the court's instructions on the law applicable thereto, and then rendering a general verdict for defendant, making applicable Mr. Justice KAVANAGH's quoted language in *Baker*.

Submission of the questions ought not to be considered reversible error. They were, after all, the questions which the jurors needed to ask themselves and answer in their own minds, by application to their findings of facts of the court's instructions as to law, before they could decide on a general verdict. The mere fact that they also answered them in writing and announced the answers to the court should not render their general verdict, consistent therewith, any less valid.

I agree with Mr. Justice ADAMS' views and conclusions concerning the matter of jury tampering and excusing of a juror.

The judgment should be affirmed. Costs to defendant.

CARR, C. J., and KELLY, J., concurred with DETHMERS, J.