## PEOPLE *v.* FINEHOUT

CRIMINAL LAW — NEW TRIAL — CONDUCT OF JUROR — CONVERSATION WITH WITNESS.

Trial court's denial of defendant's motion for new trial, made on the ground that defendant was denied a fair trial because certain jurors were conversing with witnesses outside the courtroom, *held,* proper where defendant made no showing of prejudice because defendant's proper course of action is to move for a mistrial instead of waiting until the verdict is in.

Appeal from Cass, David A. Anderson, J. Submitted Division 3 December 5, 1968, at Grand Rapids. (Docket No. 4,204.) Decided February 24, 1969.

---

REFERENCE FOR POINTS IN HEADNOTE
39 Am Jur, New Trial §§ 14, 70, 71, 201.

Donald E. Finehout was convicted of obtaining money by false pretenses. Defendant appeals. Affirmed.

*Seymour, Seymour & Conybeare,* for defendant.

BEFORE: R. B. Burns, P. J., and J. H. Gillis and Corkin,* JJ.

R. B. Burns, P. J. Defendant was convicted by a jury of obtaining money by false pretenses. CLS 1961, § 750.218 (Stat Ann 1962 Rev § 28.415). A motion for a new trial was denied by the trial judge.

Defendant has raised several questions of error, only one of which merits discussion. Defendant claims that he was denied a fair and impartial trial because a juror and a witness were seen talking together during a recess, and that witnesses made statements near the water cooler within hearing of the jurors.

Although the trial judge instructed the jury that they must not talk to anyone during the course of the trial, nor discuss the case among themselves until all of the proofs were submitted, one juror was observed talking to a prosecution witness during one of the recesses. The juror was interrogated by the judge in chambers in the presence of both counsel. The juror admitted talking to one of the witnesses and informed the court that the conversation consisted of his telling the witness that he was still in business and that one of his employee's sons was in Vietnam. Both counsel were satisfied and the trial continued.

After the jury returned a verdict of guilty, the defendant filed a motion for a new trial based on affidavits of the defendant, defendant's wife and one

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

defense witness. The affidavits all state that the affiants observed and heard the conversation between the juror and the witness, and that the conversation did concern the trial. In addition, the affiants state that later in the proceedings they observed and heard witnesses talking together by the drinking fountain of matters concerned with the trial and that the conversation could be heard by jurors standing nearby.

In *People* v. *Pizzino* (1945), 313 Mich 97, it was alleged by affidavit in support of defendant's motion for a new trial, that during jury deliberations the deputy sheriff in charge of the jury said in a voice loud enough to be heard by 4 jurors: "If he were on the jury it would only take him 5 minutes to convict the defendants." The Court stated on page 108:

"The remark was highly improper, but in the absence of a showing that defendant was prejudiced thereby, it did not constitute sufficient ground for granting a new trial."

In *People* v. *Nick* (1960), 360 Mich 219, it was alleged that an unknown woman during a recess made a remark concerning the case and the guilt of the defendant, in the presence of 3 jurors. The Court in affirming the conviction held that in cases of this nature prejudice must be shown to justify granting a new trial.

In *Prentis* v. *Michel* (1962), 368 Mich 182, one juror received an anonymous telephone call and the trial judge, with consent of counsel, excused the juror. The Supreme Court held that plaintiff could not wait until after the verdict was in and then attack the results.

In the present case any misconduct that might have occurred was observed by the defendant. He could have moved for a mistrial, but he could not

wait for the results of the jury and then attack its verdict. In addition, a reading of the entire transcript indicates testimony that, if believed by the jury, sustained the conviction.

Affirmed.

All concurred.