INSURANCE COMPANY OF NORTH AMERICA v CUEVAS

1. TRIAL—INSTRUCTIONS.

>   To assay the validity of a claim that the jury was not properly instructed it is necessary to read the instructions as a whole and especially the preceding and succeeding paragraphs.

2. TRIAL—INSTRUCTIONS—ATTRACTIVE NUISANCE—NEGLIGENCE.

>   The use of the label "attractive nuisance" in light of the totality of the instruction was not so diversionary as to warrant retrial and there is no reason to conclude that the jury was mislead where, in a suit for damages to a building resulting from a fire started by some children who were playing on the premises, the pivotal issue was defendants' negligence and plaintiff's contributory negligence and that appears to be the thrust of the instruction.

Appeal from Court of Appeals, Division 3, J. H. Gillis, P. J., and R. B. Burns and Danhof, JJ., reversing and remanding Ottawa, Raymond L. Smith, J. Submitted May 10, 1973. (Nos. 15, 16 May Term 1973, Docket Nos. 54,185, 54,189.) Decided September 18, 1973.

41 Mich App 90 reversed.

Complaint by Insurance Company of North America, as subrogee of Lear-Siegler, against Hermelinda M. Cuevas, guardian ad litem of Paul Cuevas, and Albert Serrano, guardian ad litem of Eddie Serrano, for damages for negligence. Judgment for defendants. Plaintiff appealed to the Court of Appeals. Reversed and remanded for new trial. Defendants appeal. Reversed and remanded

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial §§ 824–835.

to the trial court for entry of judgment on the verdict.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for plaintiff.

*Johnson, Campbell & Moesta,* for defendants Serrano.

*Hillman, Baxter & Hammond,* for defendants Cuevas.

T. G. KAVANAGH, J. This is a suit for damages to a building resulting from a fire started by some children who were playing on the premises of plaintiff's subrogor.

The children were playing near some trash receptacles which contained among other things a broken fluorescent light tube. One of the children attempted to set fire to the white powder contained in the light tube and ignited the other refuse in the trash barrel. The fire spread to the building and caused $40,000 damage.

The plaintiff insurance company subrogee of the Home Furnace Company a division of Lear-Siegler, Inc., owner of the building, sued the defendants for negligently starting the fire.

The defendants asserted that the furnace company was guilty of contributory negligence in failing to use ordinary care in the protection of its property and in permitting children to play in or about the premises which plaintiff "knew or should have known would attract children and would be dangerous".

The jury returned a verdict of no cause for action.

The Court of Appeals reversed, holding that the trial court erred in instructing the jury.

The plaintiff claims that the following excerpt from the court's charge is tantamount to an instruction that if an attractive nuisance existed it constituted contributory negligence as a matter of law:

"We have in this state a rule of law called attractive nuisance. An attractive nuisance is a device or thing which, by its character or nature, is likely to attract children on the premises.

"If you find that the premises surrounding the Home Furnace plant, trash barrel and other objects on the premises, were attractive or inviting to children, such as Paul Cuevas and Eddie Serrano, and if you find that the premises were unlocked or unguarded, that a trash barrel was open and inviting to curiosity and exploration of children, and that the Home Furnace Company reasonably knew, or should have known, that children played upon the premises, then you may find that the premises and objects thereon constituted an attractive nuisance.

"If you find that an attractive nuisance existed and that such attractive nuisance was a proximate cause of the plaintiff's loss, then I instruct you that your verdict must be for the defendants no cause of action."

Because the phrase "attractive nuisance" has traditionally been used as a short hand expression for that condition of an owner's premises which might make him liable for injuries suffered by a trespassing child, it may not have been wholly felicitous to use it in the instructions in this case. This was not an action for damages on behalf of a child, but rather a suit against the children for the damages the children were alleged to have caused.

The history of the doctrine of attractive nuisance is briefly and accurately stated in the Court of Appeals' opinion and while we do not disagree with their observations about it, we think the

discussion in connection with the problem pre-
sented by this case missed the mark.

The thrust of the plaintiff's claim is that the
jury was not properly instructed.

To assay the validity of that claim it is neces-
sary to read the instructions as a whole, *Baker v
Saginaw City Lines, Inc,* 366 Mich 180; 113 NW2d
912 (1962), and especially the preceding and suc-
ceeding paragraphs, *Pratt v Van Rensselaer,* 235
Mich 633; 209 NW 807 (1926).

The transcript of the trial court's instruction to
the jury shows that immediately before the ex-
cerpt therefrom which is quoted above the court
said:

"And so if you find that the Home Furnace Company
was guilty of any negligence which proximately caused
or contributed to this fire, and any losses or damages
which they, or the Insurance Company of North Amer-
ica, sustained as a result thereof, then the plaintiff
cannot recover and your judgment must be for the
defendants of no cause of action."

Then immediately following the excerpt the
court said:

"I charge you that if you find the plaintiff in this
case, the Home Furnace Company, violated the fire code
by storage of flammable materials, this is evidence of
negligence on the plaintiff's part, which you should
consider together with all the other evidence in decid-
ing whether plaintiff was negligent.

"If you decide that the plaintiff was negligent, you
must decide whether such negligence was a proximate
contributing cause of the damage to the plaintiff. If you
find that it was, your verdict will be in favor of the
defendants no cause of action."

When the charge is taken altogether we are
satisfied the jury was properly instructed. The

pivotal issue was defendants' negligence and plaintiff's contributory negligence and that appears to us to be the thrust of the instruction.

The use of the label "attractive nuisance" in the circumstances of this case in light of the totality of the instruction was not so diversionary as to warrant retrial. We find no reason to conclude that the jury was misled.

The Court of Appeals is reversed, and the matter remanded to the trial court for entry of judgment on the jury's verdict.

Costs to defendants.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. G. KAVANNAGH, J.