## ROUTHIER *v.* CITY OF DETROIT.

1. TRIAL—IMPEACHMENT OF VERDICT—ESTOPPEL.

    Jurors are estopped from impeaching their verdict once it has been reached.

2. SAME—DISAGREEMENT OF JURY—AFFIDAVITS.

    Affidavits of jurors are competent to show a want of assent to the verdict, where it appears some had been persuaded that it was only necessary for a majority to agree to the verdict.

3. SAME—DISAGREEMENT OF JURY—POLLING JURORS.

    Order of court setting aside verdict of jury on day following rendition of verdict when jury was polled and discovery then that 1 of the jurors had not agreed to it was not improper, since it established the fact that no verdict had been reached by the jury by a proceeding in open court.

4. SAME—CORRECTION OF FORM.

    It is proper to correct the form in which a verdict was returned, with the approval of the jury.

5. SAME—POLLING JURY—JUDGMENT NOTWITHSTANDING DISAGREEMENT OF JURY.

    Counsel for defendants had the right to move for judgment notwithstanding the disagreement of the jury, where a polling of the jury in open court disclosed that 1 of the jurors had not agreed to the verdict (CL 1948, § 691.701).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 1105.
[2–5] 53 Am Jur, Trial §§ 1106, 1110.
[6–8] 30 Am Jur, Judgments § 57; 53 Am Jur, Trial §§ 349, 365, 366.

6. Appeal and Error—Disagreement of Jury—Evidence.

The testimony must be construed most strongly in favor of the plaintiff in determining whether or not judgment was properly entered upon granting defendant's motion for judgment notwithstanding the disagreement of the jury (CL 1948, § 691.-701).

7. Carriers—Negligence—Sudden Stopping—Speed—Observation at Intersection—Question for Jury.

Issues of fact were presented for decision by jury against bus owner and operator for injuries sustained due to sudden stopping to avoid a collision with another motor vehicle, following driving at excessive speed and without having made proper observations for traffic passing through an intersection, where plaintiff's pleading and proof supported such theory of the case and was at variance with testimony on such matters presented by defendants, hence, it was error to grant defendant's motion for judgment notwithstanding disagreement of the jury.

8. Trial—Question for Jury—Directed Verdict.

A verdict cannot properly be directed for one party nor judgment entered for defendant after disagreement of jury when an issue of fact is presented for the jury's determination.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 14, 1953. (Docket No. 53, Calendar No. 45,917.) Decided December 29, 1953.

Case by Olive D. Routhier against City of Detroit and Archie Torando for personal injuries sustained while a passenger on defendant's bus. Erroneous verdict of jury set aside. Judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*W. J. McBrearty* and *Stephen Riffel,* for plaintiff.

*James S. Shields* and *Leo A. Sullivan* (*A. Albert Bonczak,* of counsel), for defendants.

Carr, J. On the 10th of March, 1951, plaintiff was riding as a passenger on a bus owned and operated by the city of Detroit. Defendant Torando was the

driver of said bus which was proceeding in a southerly direction on Cass avenue. According to her claim, plaintiff was standing in the rear of the vehicle and was grasping a vertical steel pole or rod in order to save herself from being suddenly jostled or thrown. She further claimed that in the intersection of Cass and Hancock the driver applied the brakes, bringing the vehicle to such a sudden stop that she was thrown backward, striking a steel bar across the rear door and being thence thrown to the floor. As a result she sustained serious injuries, and brought action to recover damages therefor.

After the introduction of plaintiff's proofs as to how the accident occurred, counsel for defendants moved for a directed verdict on the ground that plaintiff had failed to establish that the injuries sustained by her were the proximate result of negligence on the part of the defendants. Decision on the motion was reserved. Thereupon defendants introduced the testimony of 1 witness and the cause was submitted to the jury which returned a verdict in the sum of $5,000 for the plaintiff. The following day, as counsel agree, the trial judge recalled the jurors, stating in substance that he had received certain information with reference to the proceedings in the case that made it necessary for him to poll the jury. Such action was taken, and, in answer to the usual question to each juror whether the verdict was his or her verdict, 11 answered affirmatively and 1 answered "no". Thereupon the judge stated that the verdict not being a unanimous one it would be necessary to set it aside. The members of the jury were thereupon excused with an admonition from the court not to discuss anything that may have occurred in the jury room. Subsequently counsel for defendants submitted a motion for judgment in their favor, alleging therein the grounds set forth as the basis for the motion for a directed verdict made in

the course of the trial. Plaintiff moved to set aside the mistrial declared by the court and for the entry of judgment on the verdict. Plaintiff's motion was denied and defendants' motion was granted. Judgment was entered accordingly, and plaintiff has appealed.

The first question presented is whether the trial court was in error in setting aside the verdict returned by the jury and declaring a mistrial. On behalf of plaintiff it is contended that the court had no authority to take such action, while appellees insist that under the circumstances presented the course followed was a proper one. It will be noted that the situation presented here does not involve an attempt to impeach the verdict of a jury after it has been returned by proof of fraud, mistake, or improper conduct of any kind in arriving at such verdict, but rather a showing that in fact no agreement was reached by the jurors, resulting in the absence of any verdict whatsoever. Where the latter situation obtains the rule has been recognized that affidavits by jurors are competent for the purpose of showing want of assent to the verdict. In 53 Am Jur, p 776, it is said:

"Only when jurors have agreed to the verdict are they estopped from impeaching it. Consequently, affidavits that they never assented to it are admissible. Thus, where some of the jurors had not in fact agreed to the verdict, but, being persuaded by the majority of their fellows that it was only necessary for a majority to agree, failed to object to it when it was returned, their affidavits are admissible to show that they had never consented to the verdict."

Similar language appears in an annotation in 12 Am Dec, pp 142, 143, in support of which the case of *Cochran* v. *Street,* 1 Wash (Va) 79, is cited. In *Smith* v. *Eames,* 3 Scammon (4 Ill) 76, the supreme court of Illinois discussed the matter of the use of

the affidavits of jurors in order to impeach the verdict, pointing out the dangers that might result if such affidavits were permitted for the purpose of showing the reasons on the basis of which the conclusion of the jurors was reached. In the course of the discussion it was said:

"There is one class of cases, where the affidavits of jurors may be received to impeach their verdict, and that is, where a part of them swear that they never consented to any verdict: [*Cochran* v. *Street,* 1 Wash (Va) 79]; [*Cogan* v. *Ebden,* 1 Burr 383 (97 Eng Rep 361)]."

The conclusion would seem to follow that if what occurred in the instant case might have been shown by affidavits of jurors, the proceeding actually followed was not open to objection. It served the purpose of establishing, by a proceeding in open court, that as a matter of fact no verdict had been reached by the jury. Counsel for appellees direct attention to the case of *Hopkinson* v. *Stocker,* 116 Vt 98 (70 A2d 587). There the jury returned a verdict in favor of the plaintiffs in the sum of $5,000 and was dismissed by the court. Some days later the presiding judge, having learned that the jury had intended a verdict of $500 instead of $5,000, recalled the jurors and caused them to be polled. In response to the question propounded each juror answered that the verdict was not correct. Thereupon the trial court sent the jurors to their room for further deliberations in the cause. A verdict for $500 was then returned and judgment was entered thereon. The supreme court of Vermont recognized that under the general rule observed in that State affidavits of jurors may not be received to show impropriety in the conduct of the jury, or an improper method of arriving at a verdict, in support of a motion to set the verdict aside. In the case before it, however,

it was held that the statements of the jurors were not an impeachment of their verdict but were received for the purpose of correcting it. It was further held that, while the proceeding taken was not open to objection, a new trial should have been granted on the setting aside of the erroneous verdict, rather than resubmitting the cause to the jury returning such verdict.

Counsel for appellant cites the case of *In re Sorter's Estate,* 314 Mich 488 (164 ALR 985), in support of the general argument that a verdict once returned is final. Reliance is placed particularly on a quotation therein from 8 Wigmore on Evidence (3d ed), p 704, quoted in *People* v. *Pizzino,* 313 Mich 97, with reference to the finality of assent by jurors on being polled in open court. However, the propriety of correcting the form in which the verdict of the jury was returned, with the approval of the jury, was recognized. In view of the factual situation involved the *Sorter Case* may not be regarded as authority for the proposition that it may not be shown, either by affidavits of jurors or by such method of procedure as was observed in the instant case, that the verdict announced in open court by the foreman was not in fact the verdict of all the jurors. While the precise question at issue appears to be a novel one in this State, we conclude that the action of the trial judge was not improper.

This brings us to the second question in the case, that is, whether the trial judge was in error in ordering judgment entered for defendants on the basis of the motion for a directed verdict submitted on the trial. The polling of the jury established that there had been no agreement of the jurors. In other words the verdict announced by the foreman did not represent unanimous action. As a practical proposition there was a disagreement. Such being the situation counsel for defendants had the right under CL 1948,

§ 691.701 (Stat Ann § 27.1471), to move for judg-
ment notwithstanding such disagreement, the mo-
tion for directed verdict made on the trial having
been taken under advisement.

In determining whether the judgment was proper-
ly entered the testimony must be construed as strong-
ly as possible in favor of the plaintiff. *Longfellow*
v. *City of Detroit,* 302 Mich 542; *Dasovich* v. *Long-
acre,* 324 Mich 62; *White* v. *Herpolsheimer Company,*
327 Mich 462 (26 ALR2d 667). It was the theory
and claim of the plaintiff as set forth in her declar-
ation that the sudden application of the brakes by
defendant Torando followed the negligence of said
defendant in driving at an excessive rate of speed
and without making proper observations for traffic
passing through the intersection on Hancock avenue.
In support of her claim she introduced the testimony
of 2 witnesses, McCurry and Chowning. The record
indicates that a police officer of the city of Detroit
had discovered that McCurry did not have a Michi-
gan license for the operation of an automobile, and
that he had directed McCurry to follow him to the
police station. Chowning was riding in the car that
McCurry was driving. Both men testified that the
officer was proceeding immediately ahead of them
in an easterly direction, that the parties stopped be-
fore crossing Cass avenue, and that, having observed
traffic conditions, they then proceeded on Hancock
into and across the intersection. McCurry testified
in substance that when approximately in the middle
of the street he heard the brakes of the bus being
applied, said vehicle being at the time a distance of
between 60 and 75 feet away. The witness Chown-
ing, riding with McCurry, claimed that he made rath-
er careful observations of the bus and concluded
that it was being driven in excess of 30 miles per
hour "or nearly 35." The testimony of these wit-
nesses was at variance with that of defendant Tor-

ando, who claimed that McCurry failed to stop at the intersection. He also denied that he was driving at an excessive rate of speed. The trial judge, in determining that defendants were entitled to judgment, indicated that little, if any, weight should be given to the testimony of either McCurry or Chowning. From the verdict returned, it is apparent that the jury reached a different conclusion.

We are impressed that under the testimony in the case issues of fact were presented that the parties were entitled to have decided by the jury. In *Davis v. Belmont Creamery Company,* 281 Mich 165, 169, it was said:

"The determination of factual questions is purely within the province of the jury. The judgment *non obstante veredicto* was based upon the court's decision on a reserved motion for a directed verdict, and in determining said motion the same considerations are applicable as are pertinent to the determination of a motion for a directed verdict. A verdict cannot properly be directed for one party when an issue of fact, as in the instant case, is presented for the jury's determination. See *Yacobian v. Vartanian,* 221 Mich 25; *Burt v. Detroit, Grand Haven & Milwaukee Railway Company,* 262 Mich 204."

See, also, *Vukich v. City of Detroit,* 325 Mich 644. The situation in the case at bar differs materially from that presented in *Russ v. City of Detroit,* 333 Mich 505. There the plaintiff passenger on defendant's bus was denied recovery, the action being based wholly on the claim that defendant's employee was negligent in suddenly stopping his vehicle. No proof of negligence in any other respect was made. In the instant case plaintiff has alleged, and offered proof before the jury tending to show, that defendant Torando, preceding his bringing the bus to a sudden stop, was negligent in driving at an excessive rate of speed and in failing to make proper observations of traf-

fic passing through the intersection on Hancock. It is plaintiff's theory here that such negligence rendered necessary the sudden application of the brakes on the bus in order to avoid a collision with another motor vehicle.

The judgment entered in the trial court is reversed, and the case is remanded for a new trial. Plaintiff may have costs.

DETHMERS, C. J., and ADAMS, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred with CARR, J.

BOYLES, J., concurred in the result on the first question.