## METZ v. CITY OF BRIDGMAN.

1. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW—CONTRIBUTORY NEGLIGENCE—SPECIAL QUESTION—FORM—EVIDENCE.

   Claim that submission of special questions to jury involving issue of plaintiff's contributory negligence was error in action arising out of collision between plaintiff's car and defendant's truck on ground there was no testimony to indicate contributory negligence on plaintiff's part, and that the questions were objectionable in form, came too late, where there had been no objection to the questions either as to form or substance, or to the propriety of submitting them under the proofs in the case at the trial thereof and it appears that plaintiff's counsel participated in the drafting of the questions.

2. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—OBSERVATION—AVOIDANCE OF COLLISION.

   Evidence as to westbound plaintiff driver's contributory negligence constituting a proximate cause of accident and her injuries sustained therein *held*, to furnish a basis for the jury's finding of contributory negligence as particularly set forth. in special questions relating to her failure to observe defendant's northbound gravel truck slowly crossing the through highway at 8:30 a.m. early in July and relating to her failure to make an effort to pass to the rear of the truck which was nearly across the highway when she collided with its right rear wheel.

3. JURY—IMPEACHMENT OF VERDICT—POLLING OF JURY.

   General rule that verdict returned by a jury may not be impeached by affidavits of members of such jury is applied, where the reluctant member of the jury finally did concur when the jury was polled, with the full realization of the significance of his act.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 702 *et seq.*
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 735 *et seq.*
[3] 53 Am Jur, Trial § 1105.
[4] 53 Am Jur, Trial §§ 1106–1108.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 1023.
[6] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1037–1040.

4. NEW TRIAL—UNANIMITY OF VERDICT.

New trial sought on ground that verdict for plaintiff was not unanimous, was properly denied by trial court, where record shows that when jury was polled all members had assented thereto.

5. AUTOMOBILES—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

Reversible error is not found in instructions given to jury in action arising from collision of plaintiff's westbound car with defendant's northbound gravel truck as latter had nearly completed crossing the through highway, where the charge as a whole fully and fairly presented to the jury the controlling questions at issue and jury made specific finding that plaintiff was guilty of negligence in 2 respects.

6. SAME—VERDICTS—GREAT WEIGHT OF EVIDENCE.

Verdict of no cause for action in case arising from collision of plaintiff's westbound car with defendant's northbound gravel truck as it had nearly completed crossing through highway *held*, neither contrary to law nor to the great weight of the evidence.

Appeal from Berrien; Zick (Karl F.), J. Submitted November 8, 1963. (Calendar No. 70, Docket No. 49,720.) Decided December 2, 1963.

Case by Mary Metz against the City of Bridgman, a municipal corporation, for personal injuries sustained in collision of motor vehicles. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Hartwig & Crow* (*John L. Crow*, of counsel), for plaintiff.

*Harvey, Fisher & Troff* (*Theodore E. Troff*, of counsel), for defendant.

CARR, C. J. This case has resulted from a traffic accident occurring at approximately 8:30 a.m. on July 2, 1959, at the intersection of Snow and Garr roads in Berrien county. At the time plaintiff was driving

an automobile in a westerly direction on Snow road at a rate of speed, as she claimed, of 30 miles per hour or perhaps slightly in excess thereof. Defendant's employee approached the intersection on Garr road from the south with a truckload of gravel. He claimed that he stopped before reaching the intersecting highway, that he looked in both directions, and seeing no approaching traffic proceeded across Snow road at a rate of speed of 4 or 5 miles per hour. When nearly across, as he claimed, the right rear wheel of the truck was struck by plaintiff's automobile, resulting in injuries to the tire. The driver of the truck testified on the trial of the case that he did not see plaintiff's car until after the impact.

Plaintiff was injured in the collision of the vehicles and brought suit in circuit court for damages. In substance it was her claim, as set forth in her declaration, that the driver of defendant's truck was guilty of negligence in failing to stop, in obedience to a traffic sign, before entering the intersection, and that he also failed to keep a reasonable and proper outlook for approaching traffic on Snow road, particularly her automobile. On behalf of defendant, negligence of its employee was denied, and it was affirmatively pleaded that plaintiff was guilty of contributory negligence in that she drove her vehicle at a speed greater than would permit her to stop within the assured clear distance ahead,* that she failed to make reasonable and proper observations with reference to traffic conditions, and that she did not use reasonable attempts to avoid a collision between her car and the truck of defendant.

Following the introduction of proofs on the trial the case was submitted to the jury under instructions setting forth the claims of the parties. There

---

* See PA 1949, No 300, § 627 (CLS 1956, § 257.627) as amended by PA 1957, No 190 (Stat Ann 1957 Cum Supp § 9.2327).—Reporter.

was also submitted for answer by the jury 2 special questions, as follows:

"1. Do you find that this plaintiff was negligent, which was a contributing and proximate cause of her injuries, in not making proper observation of the defendant's truck?

"2. Do you find that the plaintiff was negligent, which was a contributing and proximate cause for her injuries, in not taking other action than she did to avoid the collision between her car and the defendant's truck?"

Each of said questions was answered in the affirmative, and a general verdict of no cause for action was returned. Judgment was entered accordingly. Plaintiff's motion for a new trial was denied, and she has appealed claiming that reversible error was committed in the course of the trial in circuit court.

On behalf of appellant it is asserted that the trial judge erred in submitting the special questions to the jury. It does not appear, however, that any objection to the questions either as to form or substance, or to the propriety of submitting them under the proofs in the case, was made on the trial. In denying the motion for a new trial the circuit judge stated in his opinion that counsel for plaintiff not only failed to object but actually participated in the drafting of the questions. The claim now made on appeal that the submission was improper because there was no testimony to indicate contributory negligence on plaintiff's part, and that the questions were objectionable in form, comes too late. *Baker* v. *Saginaw City Lines, Inc.,* 366 Mich 180; *Reetz* v. *Rigg,* 367 Mich 35. The procedure observed was not subject to question following verdict.

It may be noted also that each question was directed to particular conduct on the part of plaintiff rather than leaving it to the jury to determine what

actions on her part would constitute contributory negligence within the legal meaning of the term. Neither may it be said that there was no testimony tending to show a failure on plaintiff's part to exercise due care for her own safety. It appears from her testimony that she saw the truck when she was at a distance of approximately 240 feet from the intersection. Apparently she assumed that she would be accorded the right-of-way through the intersection and did not make further observations of the truck until her husband, who was riding with her in her car, called her attention to the fact that the truck was proceeding across Snow road. The fact that she required such warning is significant.

No claim was made on plaintiff's part that she undertook to pass behind the truck as apparently she might have done by turning her vehicle across the center line of the highway. The proofs in the case indicate that no other traffic was in close proximity to the intersection at the time the impact occurred, and the jury might have concluded from the testimony before it that the truck was nearly off the pavement on Snow road at the time of the collision. The testimony of the plaintiff herself, together with that of defendant's driver, which the jury may have found to be true, furnished the basis for the finding as to contributory negligence on plaintiff's part, constituting a proximate cause of the accident and the injuries sustained by her therein.

It is further claimed on behalf of appellant that the trial court was in error in denying her motion for a new trial on the ground that 1 of the jurors did not agree to the verdict returned. It appears from the record before us that the juror in question was the foreman, Carl Methling. When the jury returned to the courtroom to announce its verdict, Mr. Methling, speaking for the jury, stated that:

"We find for the defendant no cause for action."

He further stated, in answer to the court's inquiry, that the special questions had been answered, and he delivered them to the court. At the request of counsel the jury was then polled, each being asked:

"Was that and is that your verdict?"

Eleven jurors answered "Yes," Mr. Methling responding in the negative. The judge called attention to the fact that a negative answer had been returned by the foreman, and inquired of him if he meant to say that. Thereupon Mr. Methling requested permission to retract the answer that he had given. Pursuant to the direction of the court, the clerk then repeated the question, to which Mr. Methling responded "Yes." The following then occurred:

"*The Court:* The verdict is unanimous, in other words?
"*Mr. Methling:* Yes."

It thus appears from the record that all 12 jurors concurred in the verdict at the time it was returned, and that the foreman so advised the court.

Subsequently Mr. Methling made an affidavit which was submitted to the trial judge in support of the motion for a new trial. The affiant did not claim that he had not assented to the verdict, in effect indicating that he did so somewhat reluctantly "because it seemed to him to be the only way that a verdict could be arrived at." He further indicated that he realized that his assent was necessary to the rendition of a verdict in the case. Whether the reasons for his action in joining with his fellow jurors was praiseworthy or otherwise, the fact remains that he did express his concurrence in the verdict and that he did so fully realizing the signifi-

cance of his act. Under the circumstances the general rule recognized by prior decisions in this State, to the effect that a verdict returned by a jury may not be impeached by affidavits of members of such jury, should be applied.

The situation presented is not one, as in *Routhier* v. *City of Detroit,* 338 Mich 449, (40 ALR2d 1114), where it appeared that the jury verdict was not unanimous and, hence, that the ostensible conclusion announced to the court was not in fact a verdict. The opinion in the case recognized the general rule as set forth in 53 Am Jur, Trial, § 1115, p 776, to the effect that when jurors have agreed to a verdict they are thereafter estopped from impeaching it. Under the record in the instant case the trial judge was right in denying the motion for a new trial on the ground that all of the jurors had assented thereto.

Complaint is also made on behalf of appellant that there were errors in the charge of the trial judge to the jury. In view of the specific issues in the case, the proofs adduced by the parties thereto, and the specific finding of the jury that plaintiff was guilty of contributory negligence in the 2 respects set forth in the special questions, such alleged errors do not require consideration. On the whole the charge of the court fully and fairly presented to the jury the controlling questions at issue, and we find no material error therein. Neither may it be said, as counsel for appellant argue, that the verdict returned by the jury was contrary to law and to the great weight of the evidence.

The judgment of the trial court is affirmed.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.