ABRAHAM v JACKSON

Docket No. 48069. Submitted October 8, 1980, at Lansing.—Decided December 16, 1980.

Bobby J. Abraham and Barbara A. Abraham brought an action against James Jackson and H. J. Dillard for injuries received by Bobby Abraham and loss of consortium by Barbara Abraham as a result of an automobile accident. A jury returned a special verdict that Bobby Abraham suffered a serious permanent disfigurement and awarded $5,000 damages but that he did not sustain a serious impairment of body function. It also found no cause of action as to Barbara Abraham's claim of loss of consortium. Plaintiffs moved for a new trial limited solely to the issue of damages or, in the alternative, for an additur, which motion was denied, Saginaw Circuit Court, Fred J. Borchard, J. Plaintiffs appeal, alleging that the trial court erred in denying plaintiffs' motion, in refusing to consider affidavits of two jurors which plaintiffs submitted with their motion, and in refusing to admit certain exhibits into evidence. *Held:*

1. The threshold question of whether Bobby Abraham sustained serious impairment of body function was properly submitted to the jury. The jury's verdict was within the range of the testimony presented and was not so grossly inadequate as to shock the conscience. Accordingly, the trial court properly denied plaintiffs' motion.

2. Ample evidence was presented to support the jury's finding that the accident did not cause a loss of consortium, and the trial court properly denied plaintiffs' motion on this issue.

3. The trial court properly refused to consider affidavits of members of the jury submitted with plaintiffs' motion.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d (Rev), Automobile Insurance §§ 349, 365.
[2] 7 Am Jur 2d (Rev), Automobile Insurance §§ 25, 349.
    43 Am Jur 2d, Insurance § 784.
[3, 4] 41 Am Jur 2d, Husband and Wife § 447 *et seq.*
[5] 76 Am Jur 2d, Trial § 1219 *et seq.*
[6] 29 Am Jur 2d, Evidence § 493 *et seq.*

4. The exhibits offered by plaintiffs were comprised of hearsay and were properly excluded by the trial court.

Affirmed.

1. Insurance — Automobiles — No-Fault Act — Tort Liability — Noneconomic Loss — Statutes.

The Michigan no-fault insurance act provides that an injured person must suffer serious impairment of body function or permanent serious disfigurement before there can be tort liability for noneconomic loss arising out of an automobile accident (MCL 500.3135; MSA 24.13135).

2. Insurance — Automobiles — No-Fault Act — Tort Liability — Noneconomic Loss — Question of Fact.

The threshold question as to what constitutes serious impairment of body function or permanent serious disfigurement under the no-fault insurance act is within the exclusive province of the trier of fact; only where an interpretation approaches or breaches permissible limits does it become a question of law for the court, and the issue will be submitted to the jury unless it can be said with certainty that no reasonable jury could view a plaintiff's impairment as serious.

3. Husband and Wife — Loss of Consortium — Damages — Words and Phrases.

Loss of consortium technically means the loss of conjugal fellowship which encompasses loss of society, companionship, affection, services, and all other incidents of the marital relationship.

4. Husband and Wife — Loss of Consortium — Evidence.

To support a claim of loss of consortium, evidence must be offered concerning the marriage relationship before and after the incident which caused the loss.

5. Jury — Verdicts — Impeachment.

A verdict returned by a jury may not be impeached by affidavits of members of the jury.

6. Evidence — Relevant Evidence — Admissibility — Hearsay.

Relevancy of evidence offered during trial should not render such evidence admissible where it is comprised of hearsay.

*Loucks & Baron,* for plaintiffs.

*Smith & Brooker, P.C.* (by *Michael J. Huffman),* for defendants.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's denial of plaintiffs' motion for a new trial as to damages or, in the alternative, for an additur.

This case arose out of an automobile accident which occurred on March 3, 1977. Bobby Abraham, while driving alone, drove into the rear of a large truck which was parked in the road. Defendant James Jackson owned the the truck and defendant H. J. Dillard had parked the truck on the right hand side of the roadway earlier on the day of the accident. Plaintiff Bobby Abraham claimed that he sustained both "serious impairment of body function" and "permanent serious disfigurement" within the meaning of the Michigan no-fault act. MCL 500.3135; MSA 24.13135. Plaintiff Barbara Ann Abraham claimed loss of consortium. After a jury trial, the jury returned a special verdict that Bobby Joe Abraham suffered "a serious permanent disfigurement". However, it found that his injuries did not result in "serious impairment of body function". It also found no cause of action as to Barbara Ann's claim of loss of consortium. Thereafter, plaintiffs moved for new trial limited solely to the issue of damages or for an additur. The trial court denied the motion, and plaintiffs appeal as of right.

Plaintiffs first contend that the trial court erred in not granting a new trial since the jury's finding that Bobby Joe Abraham's injuries did not consti-

tute "a serious impairment of body function" was against the great weight of evidence. Stripped of all legalese, plaintiffs actually are contending that the trial court should rule as a matter of law that the plaintiff did suffer serious impairment of a body function. This contention is without merit.

The Michigan no-fault insurance act provides, *inter alia,* that an injured person must suffer serious impairment of body function or permanent serious disfigurement before there is tort liability for noneconomic loss arising out of an automobile accident. The law is clear that the threshold question of whether a plaintiff has sustained "serious impairment of body function" or "permanent serious disfigurement" is a question of fact to be submitted to and decided by the jury.

In *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 477-478; 208 NW2d 469 (1973), the Supreme Court stated that serious impairment of body function is a fact question and thus within the exclusive province of the triers of fact. Only where interpretation approaches or breaches permissible limits does it become a question of law for the court. Moreover, each case must be considered individually to reach this determination. While *Advisory Opinion* failed to elucidate where the "permissible limits" are to be drawn, this Court adopted the rule that the issue is to be decided by a jury unless it can be said with certainty that no reasonable jury could view plaintiff's impairment as serious. *McKendrick v Petrucci,* 71 Mich App 200, 212; 247 NW2d 349 (1976), *Harris v McVickers,* 88 Mich App 508; 276 NW2d 629 (1979), *Cassidy v McGovern,* 98 Mich App 100; 296 NW2d 200 (1980).

Applying these standards to the instant case, we find that the threshold question of tort liability

was properly submitted to the jury. The evidence was of such a nature that it could not be concluded as a matter of law that no reasonable jury could differ as to whether plaintiff's impairment was serious. Moreover, the plaintiffs never requested that the issue be decided by a directed verdict in their favor. Having properly submitted the issue for determination by the jury, it cannot now be said that the jury's determination that plaintiff did not suffer a serious impairment of body function was in error. This verdict was within the range of the testimony. Correspondingly, having found adversely to plaintiff as to serious impairment of body function, the jury's award of $5,000 in damages for plaintiff's permanent serious disfigurement was not so grossly inadequate as to shock the conscience. *Moore v Spangler,* 401 Mich 360; 258 NW2d 34 (1977). Accordingly, we find that the trial court did not abuse its discretion in denying plaintiffs' motion for a new trial or, in the alternative, for additur.

Similarly, the jury's finding that there was no cause of action as to the plaintiff wife's loss of consortium claim is not against the great weight of evidence. Loss of consortium technically means the loss of conjugal fellowship. This encompasses loss of society, companionship, affection, services, and all other incidents of the marriage relationship. To support such a claim, evidence must be presented concerning the marital relationship before and after the accident. *Washington v Jones,* 386 Mich 466, 472; 192 NW2d 234 (1971), *Kailimi v Firestone Tire & Rubber Co (On Remand),* 87 Mich App 144; 273 NW2d 906 (1978), *lv den* 406 Mich 952 (1979).

A review of the testimony reveals that plaintiffs experienced serious matrimonial difficulties both

before and after the accident. Illustrative of the difficulties was Mrs. Abraham's testimony that she and her husband had separated in May of 1976 and that in August of 1976 she filed a complaint against her husband for lack of support. In February of 1977, a month preceding the accident, Mr. Abraham entered into a consent judgment ordering him to make support payments. Plaintiffs were separated at the time of the accident and also at the time of trial.

On this record, we conclude that there was ample evidence to support the jury's finding that the accident did not cause a loss of consortium. Hence, the trial court did not abuse its discretion by denying plaintiffs' motion for a new trial with respect to the consortium claim. We note, parenthetically, that our resolution of this issue renders it unnecessary for us to address the question as to whether a noninjured spouse may recover for loss of consortium under the no-fault act.

Plaintiffs' two remaining issues need scant discussion. Plaintiffs claim that the trial court erred in refusing to consider affidavits of two jurors which plaintiffs submitted with their motion for new trial. It is well established that a verdict returned by a jury may not be impeached by affidavits of members of such jury. *Metz v City of Bridgman,* 371 Mich 586, 592; 124 NW2d 741 (1963), *Hill v Highland Park General Hospital,* 80 Mich App 334, 344; 263 NW2d 362 (1977).

Finally, plaintiffs contend that the trial court erred by refusing to admit two exhibits into evidence. They argue that these exhibits were highly relevant to their case. However, they totally ignore that relevancy does not negate the fact that these exhibits were comprised of hearsay. The trial court did not err by excluding the admission of these exhibits.

The decision of the trial court is affirmed.