DUNHAM v VETERANS OF FOREIGN WARS CLUB OF
MUSKEGON, POST 446

Docket No. 45699. Submitted February 3, 1981, at Grand Rapids.—
Decided March 16, 1981. Leave to appeal applied for.

Joyce Dunham and Thomas Dunham brought an action against
the Veterans of Foreign Wars Club of Muskegon, Post 446, for
injuries Joyce Dunham received on defendant's property due to
defendant's negligence. The jury returned a special verdict for
plaintiffs but found that seventy-five percent of the negligence
which proximately caused the injuries was attributable to
Joyce Dunham. The trial court entered judgment for plaintiffs
for the amount of damages in the verdict minus an amount
equal to the percentage of Joyce Dunham's negligence. Thereaf-
ter, plaintiffs' counsel, noting that the amount of damages
awarded by the jury amounted to twenty-five percent of the
damage figure suggested by him during closing argument,
sought and was given implicit permission to speak to the
jurors. Affidavits of three jurors attested to the fact that the
jury had made the seventy-five percent deduction of the
amount of damages it had determined Joyce Dunham suffered
prior to specifying its award. Plaintiffs moved for a new trial or
for additur, which motions were denied, Muskegon Circuit
Court, Ronald H. Punnucci, J. Plaintiffs appeal. *Held:*

The trial court erred in denying plaintiffs' motions. Plaintiffs
did not seek to impeach the jury's verdict but to correct it.
Plaintiffs should be given the opportunity to have the jury
verdict corrected.

Reversed and remanded.

JURY — IMPEACHMENT OF VERDICTS — CORRECTION OF VERDICTS.

Generally, jurors may not impeach their verdict by oral testi-
mony or by affidavit; however, where a verdict as transmitted
to written form does not constitute the true verdict, jurors
should be polled for the purpose of correcting the verdict.

*Marcus, Ruck & Flynn, P.C.,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTE
[1] 76 Am Jur 2d, Trial § 1219 *et seq.*

*O'Toole, Stevens, Johnson, Knowlton, Potter & Rolf* (by *Edward A. Grafton*), for defendant.

Before: D. F. WALSH, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

R. B. BURNS, J. Joyce Dunham was injured when she tripped and fell over a parking block while leaving the defendant's VFW hall. She suffered a multi-fracture of a bone in her right arm. The case was tried under the new comparative negligence doctrine. The jury was given special verdict forms which were returned with the following answers in regard to the claim of Joyce Dunham:

"QUESTION NO. 1: Was the defendant negligent?
"Answer: Yes.

\*　\*　\*

"QUESTION NO. 2: Was the defendant's negligence a proximate cause of injury or damage to the plaintiff?
"Answer: Yes.

\*　\*　\*

"QUESTION NO. 3: What is the total amount of the plaintiff's damages?
"Answer: $31,250.00.
"QUESTION NO. 4: Was the plaintiff negligent?
"Answer: Yes.

\*　\*　\*

"QUESTION NO. 5: Was the plaintiff's negligence a proximate cause of the injury or damage to the plaintiff?
"Answer: Yes.

\*　\*　\*

"QUESTION NO. 6: Using 100% as the total combined negligence of the parties which proximately caused the injury or damage to the plaintiff, what percentage of such negligence is attributable to the plaintiff?
"Answer: 75%."

Regarding the claim of Joyce Dunham's husband, Thomas, the jury found that his total damages amounted to $500.

After receiving the verdicts the trial court dismissed the jury and entered a judgment in favor of Joyce Dunham for her damages less the percentage of negligence attributable to her in the sum of $7,812.50 and in favor of Thomas Dunham in the sum of $125.

During closing argument plaintiffs' counsel had stated:

"As to the amount of compensation that should be awarded to Joyce, during voir dire I gave reference to a figure of $100,000 to $200,000. I feel that the case is worth approximately $125,000."

Sometime after the judgments were entered by the trial court plaintiffs' counsel noticed that the figure of $31,250 on the jury verdict form was the precise amount one would arrive at upon deducting 75 per cent from the damage figure of $125,000 which he had suggested during closing argument. Four days after the trial had concluded, plaintiffs filed a motion to reconvene the jury, which was denied.

Plaintiffs' counsel was given implicit permission to speak directly to the jurors, and three jurors signed affidavits to the effect that the jury had deducted 75 per cent from the $125,000 damage figure suggested by counsel in arriving at the figure of $31,250 as the answer to question 3 on the verdict form. Plaintiffs' motion for a new trial or, in the alternative, for an additur was denied by the trial court.

As a general rule, jurors may not impeach their verdict by oral testimony or by affidavit. *Hoffman v Monroe Public Schools,* 96 Mich App 256; 292

NW2d 542 (1980). In *Routhier v Detroit,* 338 Mich 449; 61 NW2d 593 (1953), the jury returned a verdict for the plaintiff in the amount of $5,000. The following day the trial judge recalled the jury. The jury was polled and one juror stated that the verdict rendered was not his verdict. Thereupon the judge set aside the verdict. The Court, at 452, quoted as follows from 53 Am Jur, Trial, § 1115, p 776:

" 'Only when jurors have agreed to the verdict are they estopped from impeaching it. Consequently, affidavits that they never assented to it are admissible.' "

The *Routhier* Court further cited *Hopkinson v Stocker,* 116 Vt 98; 70 A2d 587 (1950), with approval. In that case the jury had returned a verdict of $5,000 in favor of the plaintiffs. some days later the judge learned that the jury had intended to award only $500. The judge recalled the jurors and they were polled as to their verdict. The Supreme Court of Vermont affirmed the trial judge's action, holding that the jurors were polled not for the purpose of impeaching the verdict but to correct it.

In the present case, plaintiffs do not seek to impeach the jury's verdict but claim instead that the verdict as transmitted to the written word did not constitute the true verdict and thus should be corrected. We agree.

The case is remanded to the trial court for proceedings consistent with this opinion.