HEINTZ v AKBAR

Docket No. 88260. Submitted March 16, 1987, at Lansing. Decided April 30, 1987.

Mary M. Heintz and Michael Heintz brought an action in the Huron Circuit Court against Dr. J. U. Akbar and Pigeon Clinic, P.C., alleging medical malpractice. Plaintiffs alleged that defendant Akbar negligently failed to find and repair a laceration of plaintiff Mary M. Heintz's rectal sphincter muscle and a fistula in the wall between her vaginal canal and rectum in the course of a midline episiotomy, causing her inability to control bowel movements even after corrective surgery. Following a jury trial, the court, M. Richard Knoblock, J., entered a judgment in favor of plaintiffs for $85,000 in accordance with the verdict. Defendants appealed, claiming the trial court erred in denying their motion for a new trial which was based on allegations of improper closing arguments by plaintiffs' counsel and misconduct by the jury.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in allowing plaintiffs' counsel to remark upon a laboratory report in the course of his closing argument. Although no expert testimony was offered to explain the report, the subject of the report, i.e., the presence of E. coli in plaintiff Mary M. Heintz's vagina, was covered by expert testimony. Additionally, the subject of plaintiff Mary E. Heintz's condition following childbirth was not beyond the proper scope of plaintiffs' counsel's rebuttal arguments since it was discussed by defendants' counsel in his closing arguments.

2. The trial court correctly ruled that the jury's verdict could not be impeached through the use of an affidavit sworn to by a juror who alleged that the jury had failed to follow the trial court's instructions when filling out the verdict form.

Affirmed.

REFERENCES

Am Jur 2d, New Trial §§ 76 *et seq.*

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 345 *et seq.*

Am Jur 2d, Trial §§ 192-194, 218-220, 260.

Necessity of expert evidence to support an action for malpractice against physician or surgeon. 81 ALR2d 597.

1. Trial — Arguments by Counsel — Appeal.

An appellate court, in reviewing an appeal based on an attorney's improper argument at trial, should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless; if the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial; if the error is so preserved, then there is a right to appellate review, if not, the court must still make one further inquiry; it must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial; if the court cannot say that the result was not affected, then a new trial may be granted.

2. Trial — Closing Argument — Rebuttal — Court Rules.

Closing arguments in rebuttal may not extend beyond the issues raised in the preceding arguments (MCR 2.507[E]).

3. Trial — Arguments by Counsel — Judges — Jury.

A trial judge has broad power and discretion concerning the conduct of the arguments before the jury.

4. Physicians and Surgeons — Malpractice — Standard of Care — Expert Testimony.

In cases not within the common knowledge and experience of lay jurors, expert medical testimony is required in order to enable a jury to decide whether a physician's conduct was below the applicable standard of care.

5. Trial — Inferences — Closing Argument.

Reasonable inferences may be drawn from the evidence by counsel in closing argument.

6. Jury — Verdicts — Impeachment of Verdicts.

Generally, jurors may not impeach their verdict by oral testimony or by affidavits.

7. New Trial — Jury Misconduct.

The misconduct by a jury contemplated in a court rule which allows the grant of a new trial for such misconduct relates to misconduct during or before the trial that suggests a decision has been made before the close of the evidence; thus, an allegation that the jury failed to follow the judge's instructions in filling out the verdict form is not a type of misconduct contemplated in the court rule (MCR 2.611[A][2][b]).

*House & Schrope* (by *Brian R. Schrope*), for plaintiffs.

*Fordney, Cady, Rusch & Prine, P.C.* (by *Andrew W. Prine*), for defendants.

Before: MACKENZIE, P.J., and BEASLEY and E. A. QUINNELL,* JJ.

BEASLEY, J. Defendants, J. U. Akbar, M.D., and Pigeon Clinic, P.C., appeal as of right from a jury award of $85,000 to plaintiffs, Mary Margaret Heintz and Michael Heintz. For ease of discussion, we will refer only to plaintiff Mary Margaret Heintz and to defendant Dr. Akbar.

Plaintiff alleged that Dr. Akbar, an employee of the Pigeon Clinic, committed medical malpractice in performing a midline episiotomy on her during the delivery of her first child. A midline episiotomy is a surgical procedure in which an angular cut is made between the vaginal opening and the rectal opening to facilitate childbirth. Plaintiff claimed that defendant negligently failed to find and repair a laceration of her rectal sphincter muscle and a fistula, or opening, in the wall between her vaginal canal and rectum. Because of defendant's negligence, plaintiff is unable, even after corrective surgery, to maintain control of her bowel movements. Defendant claimed that plaintiff was negligent in not reporting her condition to defendant sooner than she did.

After the jury rendered its verdict in favor of plaintiff, defendant filed a motion for a new trial, which was denied in a written opinion. On appeal, defendant raises two issues.

First, defendant claims that the trial court erred in allowing plaintiff's attorney to refer in his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rebuttal closing argument to a laboratory test, on which there allegedly had not been any expert testimony but which had been admitted into evidence.

In his rebuttal closing argument, plaintiff's attorney stated:

> If you'll recall Dr. Lester's testimony when Mr. Smith in cross-examination asked him what you would expect to find with a rectal sphincter vaginal fistula, he indicated to him you would expect to find feces in the vaginal canal, and what is called E. coli [Escherichia coli], which is a bowel substance.
>
> Let me show you something I found in the two hours and fifteen minutes, Plaintiffs' Exhibit 9, step right up here, because this is it.
>
> On December 22nd while she was in the hospital, they ran a vag smear on her, and the culture yielded 2 plus E. coli, 2 plus E. coli. You take that into the jury room and look. That means when they took a vaginal culture, when she was in the hospital, she had E. coli in her vagina, which is bowel substance.
>
> And folks, the only way she can get E. coli into her vagina—.

Defendant objected on the basis that the subject matter was not part of the evidence and had not been testified to, and also requested an opportunity to respond. The trial judge overruled the objection. At the close of plaintiff's attorney's argument, defendant renewed his objection and again asked to respond with additional proofs or with additional argument. In denying defendant's objection, the judge stated:

> The purpose of the rebuttal argument is to respond to those issues that are raised by the Defense during the Defense closing argument and not to move into new areas. However, this—there

was some argument that was made in the Defense, not on that specific issue, obviously, but in the area of whether or not there was a discovery or exactly what the condition of the Plaintiff was after the delivery, and therefore I think that area was fairly opened up. And for that reason I'm not going to allow proofs to be reopened at this time.

I think the area is fairly opened up, and I'm going to leave it stand as it is. I'll deny your objection, Mr. Smith.

In *Reetz v Kinsman Marine Transit Co*,[1] the Supreme Court described how an appellate court should review an appeal based on an attorney's improper argument:

[T]he appellate court should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless. If the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial. If the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry. It must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial. If the court cannot say that the result was not affected, then a new trial may be granted. Tainted verdicts need not be allowed to stand simply because a lawyer or judge or both failed to protect the interests of the prejudiced party by timely action.

The first determination to be made is whether it was error to allow plaintiff's attorney's remarks concerning the laboratory report. Under MCR 2.507(E), a rebuttal closing argument may not extend "beyond the issues raised in the preceding arguments." The trial judge has broad power and

---

[1] 416 Mich 97, 103; 330 NW2d 638 (1982).

discretion concerning the conduct of the arguments before the jury.[2]

In allowing plaintiff's attorney's argument, the trial judge noted that in his closing argument defense counsel referred to plaintiff's condition after delivery, and that "that area was fairly opened up." In his September 17, 1985, opinion denying defendant's motion for a new trial, he stated that plaintiff's expert had testified that E. coli could enter the vagina through a fistula between the rectum and vagina, if a fistula were present. The physician who performed the corrective surgery on plaintiff did refer to E. coli as one type of bacterium of the rectum that could have caused an infection. Plaintiff's medical expert testified that a fistula can allow an infection to begin by allowing fecal material into the vagina.

Defendant contends that allowing the argument involving the laboratory report was error because expert testimony was not offered to explain it, citing *Lince v Monson*.[3] In *Lince,* the Supreme Court held that, in cases not within the common knowledge and experience of lay jurors, expert medical testimony is required in order to enable a jury to decide whether a physician's conduct was below the applicable standard of care. In the within case, expert testimony was presented on the question of defendant's standard of care. We do not believe that *Lince* means that an expert must explain every technical piece of evidence admitted at trial. In this case, some of the doctors discussed bacteria or E. coli in connection with the fistula and the breakdown of plaintiff's episiotomy, and the laboratory report that noted the presence of E. coli in plaintiff's vaginal culture had been admitted into evidence as part of plaintiff's hospi-

---

[2] *Bugar v Staiger,* 66 Mich App 32, 36-37; 238 NW2d 404 (1975).

[3] 363 Mich 135; 108 NW2d 845 (1961).

tal record. In his closing argument, defendant's attorney also referred to the exhibit and suggested that the jury read it in its entirety. In closing arguments, reasonable inferences from the testimony may be drawn by counsel.[4] Some leeway may be given and control of the arguments is within the discretion of the trial court.[5]

Thus, we do not believe that it was error to allow the remarks of plaintiff's attorney. However, even if we were to assume that it was error, we believe the error was harmless because it was neither basic nor offensive to the maintenance of a sound judicial process.[6]

We doubt that plaintiff's attorney's closing remarks were determinative of the outcome of this case. Both parties presented abundant expert medical testimony. Even without the remarks in question, plaintiff presented enough evidence for a jury to believe that defendant committed malpractice in treating her. Moreover, the jurors were instructed that the arguments, statements and remarks of attorneys are not evidence and that they should disregard anything said by the attorneys that was not supported by the evidence or by their own general knowledge or experience. Under these circumstances, we decline to find error requiring reversal.

Second, defendant claims that the trial court erred in refusing to grant a new trial based on a juror's letter and affidavit alleging jury misconduct in reaching a verdict. Following the announcement of the verdict in favor of plaintiff in the amount of $85,000, the jury was polled and then discharged. Four days later, the trial judge received a letter

---

[4] *Wilson v Stilwill*, 92 Mich App 227, 231; 284 NW2d 773 (1979), aff'd 411 Mich 587 (1981).

[5] *Gonzalez v Hoffman*, 9 Mich App 522, 526; 157 NW2d 475 (1968).

[6] *People v Robinson*, 386 Mich 551, 563; 194 NW2d 709 (1972).

from a juror stating that the questions on the verdict form were not answered in the correct order. Counsel for defendant obtained the juror's affidavit to the same effect and filed it with his motion for new trial.

The general rule is that jurors may not impeach their verdict by oral testimony or by affidavit.[7] A rule permitting unrestricted attacks on jury verdicts would undermine the finality of judgments. The rule also prevents tampering with the jury after discharge and discourages the invasion of the mental processes used to arrive at verdicts.[8]

Defendant contends that the within case is distinguishable from *Hoffman v Monroe Public Schools,*[9] *Brillhart v Mullins,*[10] and *Ledbetter v Brown City Savings Bank.*[11] Those cases involved jury mistakes or misunderstandings, whereas the within case involves jury misconduct. Defendant argues that the misconduct in the present case is within MCR 2.611(A)(1)(b), under which jury misconduct is grounds for a new trial, and that the *Hoffman* line of cases is inapplicable. We do not agree.

The trial court was correct in following *Hoffman* and its progeny. The *Hoffman* holding refers to jury misconduct as well as to jury mistakes. The policy reasons for the rule that jurors may not impeach their verdicts after polling and discharge are as compelling when misconduct is alleged as they are when mistakes are alleged. The sort of misconduct alleged in the within case, that the

---

[7] *Consumers Power Co v Allegan State·Bank,* 388 Mich 568, 573; 202 NW2d 295 (1972); *Hoffman v Monroe Public Schools,* 96 Mich App 256, 257; 292 NW2d 542 (1980), lv den 409 Mich 931 (1980).

[8] *Brillhart v Mullins,* 128 Mich App 140, 149; 339 NW2d 722 (1983).

[9] *Supra.*

[10] *Supra.*

[11] 141 Mich App 692; 368 NW2d 257 (1985).

jury failed to follow the judge's instructions in filling out the verdict form, relates to the mental processes of the jury and, therefore, inheres in the verdict. Moreover, the misconduct contemplated in MCR 2.611(A) (1)(b) relates to jury misconduct during or before trial that suggests a decision has been made before the close of the evidence.[12]

Affirmed.

---

[12] See, e.g., *Cooper v Carr,* 161 Mich 405; 126 NW 468 (1910) (juror made statements outside the jury room indicating a fixed opinion as to one of the parties); *Gustafson v Morrison,* 57 Mich App 655; 226 NW2d 681 (1975) (juror made false statements in jury questionnaire).