COLLING v AVON DISPOSAL, INC

Docket Nos. 103920, 103974. Submitted May 2, 1989, at Detroit. Decided September 5, 1989.

Eric A. Colling died from injuries suffered when he was run over by a garbage truck owned and operated by Avon Disposal, Inc. Ernest W. Colling, Jr., personal representative of the estate of Eric A. Colling, deceased, filed a wrongful death action against Avon Disposal, Inc., in Oakland Circuit Court. Following trial, the jury was provided with a verdict form asking them to determine whether defendant was negligent, whether defendant's negligence was a proximate cause of the injury to the plaintiff, and the amount of plaintiff's damages. Following deliberation, the jury announced that it had reached a verdict. The jury foreperson stated that the jury found, in response to the first question on the form, that defendant was not negligent. The judge, Hilda R. Gage, then had her court clerk ask the jurors as a group if they found defendant not guilty of negligence. The jurors responded in unison that that was their verdict. At that point, counsel for plaintiff requested that the jurors be polled individually. Five of the six jurors indicated that it was their verdict that defendant was not negligent. The remaining juror stated that defendant was negligent. The jury was then taken back to the jury room to await dismissal. When the judge went to the jury room to discharge the jury, the jurors informed her that the foreperson had answered the questions incorrectly and that all six jurors agreed that the answer to the first question on the form should have been that defendant was negligent. They were split five to one on the second question, with five finding that defendant's negligence was not a proximate cause of plaintiff's injury. Plaintiff objected to the reconvening of the jury, noting that the court had discharged the jury and claiming that the jury could not impeach its announced verdict. The court agreed, and no further record was made. A verdict of no cause of action was

REFERENCES

Am Jur 2d, Trial §§ 1072 et seq.
Competency of juror's statement or affidavit to show that verdict in civil case was not correctly recorded. 18 ALR3d 1132.

entered. Plaintiff moved for a new trial on the basis that the jury's verdict that defendant was not negligent was against the great weight of the evidence. Defendant moved to amend the jury verdict or reconvene the jury. The court granted plaintiff's motion for a new trial and denied defendant's motion. Defendant then moved for rehearing of the order granting plaintiff's motion for a new trial. The court denied the motion for a rehearing. Defendant filed separate appeals by leave granted from the denial of its two motions. The appeals have been consolidated.

The Court of Appeals *held:*

The trial court erred when its denied defendant's motion to amend the jury's verdict or reconvene the jury. The jurors' proposed testimony was offered to show a mistake in the nature of a clerical error which occurred after the deliberations of the jury had ceased and they had actually agreed upon a verdict. Such a mistake may be shown by the jurors' affidavits or testimony. On remand, the trial court should hold an evidentiary hearing and, if the jurors unanimously agree that their verdict was erroneously recorded, the verdict should be amended to reflect their true verdict and the trial court's order granting plaintiff's motion should be vacated. If the jurors do not unanimously agree that their true verdict was erroneously recorded, jurisdiction is retained by the Court of Appeals to decide the issue whether the trial court abused its discretion when it granted plaintiff's motion for a new trial.

Reversed and remanded.

MICHAEL J. KELLY, J., dissented. He would hold that a jury's verdict may not be impeached by juror testimony or affidavits where the jury members were polled, concurred in their verdict, and were discharged unless the written verdict does not conform to the true verdict due to a clerical error. He would also hold there was no clerical error or transcription error in writing down the verdict in this case. He would affirm.

1. JURY — VERDICTS — CLERICAL ERRORS — UNANIMOUS MISTAKES.

A unanimous mistake of the jury in the nature of a clerical error in transcribing or reporting its already-arrived-at verdict may be shown by the jurors' affidavits or testimony.

2. JURY — VERDICTS — CLERICAL ERRORS — UNANIMOUS MISTAKES.

A trial court erred in denying a motion to amend the jury verdict or reconvene the jury where the jury's verdict that the defendant was not guilty of negligence had been announced, the jurors were polled and expressed their agreement with the announced verdict, the jurors were taken to the jury room to

await their dismissal by the judge, and the judge, upon going to dismiss the jurors, was told by the jurors that the foreperson had answered the questions on the verdict form incorrectly and that the jury had unanimously agreed that the defendant was guilty of negligence, rather than not guilty as was stated on the record; such a unanimous mistake is in the nature of a clerical error which may be shown by the jurors' affidavits or testimony.

*Richard M. Goodman, P.C.* (by *Richard M. Goodman* and *Thomas W. Stephens*), and *Fred B. Berkley, P.C.* (by *Fred B. Berkley*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *James K. Thome* and *Robert D. Brignall*), for defendant.

Before: Gillis, P.J., and Michael J. Kelly and R. B. Burns,* JJ.

Gillis, P.J. In docket no. 103920, defendant appeals by leave granted the circuit court's order denying its motion for rehearing of the circuit court's order granting plaintiff's motion for a new trial on the ground that the jury's verdict that defendant was not negligent was against the great weight of the evidence. In docket no. 103974, defendant appeals by leave granted the circuit court's order denying its motion to amend the jury verdict or reconvene the jury. These cases were consolidated on appeal. We reverse the trial court's order which denied defendant's motion to amend the jury verdict or reconvene the jury and remand for further proceedings consistent with this opinion.

The court instructed the jury:

[W]e have prepared a verdict form which you'll

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

be receiving. The answers to the questions on this verdict form will provide the verdict in this case. The questions are clear.

Question Number 1: "Was the defendant negligent; yes or no?" If your answer is no, you answer no further questions.

Question Number 2: "Was the defendant's negligence a proximate cause of the injury or damage to the plaintiff?" If your answer to that question is no, then you answer no further.

Question Number 3: "What is the total amount of plaintiff's damages?"

\* \* \*

When at least five of you agree upon a verdict, it will be received as your verdict.

Subsequently, the jury announced that it had reached a verdict and the following exchange occurred:

*The Court:* All right. I'm going to read to you the questions. Please give me the answers.

Question Number 1: "Was the defendant negligent?" What is your answer?

*The Foreperson:* No.

*The Court:* Your answer is no?

*The Foreperson:* No.

*The Court:* Okay.

Do you want to ask the jury then?

*The Clerk:* Will all the jurors please rise?

Members of the jury, listen to your verdict as recorded. You do say upon your oath that you find the defendant, Avon Disposal, not guilty of negligence, so say you Miss Foreperson, so say you all members of the jury?

*The Jury* (In unison): Yes.

*The Court:* Okay. You may be seated.

Would either counsel like the jury polled?

*Mr. Goodman* [*counsel for plaintiff*]: Yes, your Honor, if the court please.

*The Court:* Okay.

*The Clerk:* Juror Number 1, was that and is that your verdict?

*Juror No. 1:* Yes.

*The Clerk:* Juror Number 2, was that and is that your verdict?

*Juror No. 2:* Yes.

*The Clerk:* Juror Number 4, was that and is that your verdict?

*Juror No. 4:* Is that an indication of agreement?

*The Court:* Was that your verdict? Did you vote yes with the rest of the jury that your answer to that question? Question number one [sic? question, question number one,] would be a no answer?

*Juror No. 4:* I voted that he was negligent.

*The Court:* All right.

Go ahead.

*The Clerk:* Juror Number 5, was that and is that your verdict?

*Juror No. 5:* Yes.

*The Clerk:* Juror Number 6, was that and is that your verdict?

*Juror No. 6:* Yes.

*The Clerk:* Juror Number 7, was that and is that your verdict?

*Juror No. 7:* Yes.

*The Court:* All right, members of the jury, you'll be taken back to the jury room for a few brief moments and then you'll be discharged.

The jury was excused.

Thereafter, the court made the following statement:

> The record should reflect and I've advised both counsel of this, that when I went back to discharge the jury, without my saying a word, the jurors were kind of criticizing the foreperson because she answered the questions incorrectly. According to them in the jury room, and I'm just making the record because defense asked that it be made, and I am going to let the jurors come out on the record and state that position.

According to the jurors, all six jurors agreed that the answer to question number 1 was that the defendant was negligent. They all found that. They were five to one on the question of whether the defendant's negligence was a proximate cause of the injury and damage to the plaintiff and there they were five to one no.

I understand that the verdict is in and the case is over, but for purposes of the record, I can see no problem allowing the jurors to come in.

Plaintiff objected to reconvening the jury, noting that the court had discharged the jury and claiming that the jury could not impeach its announced verdict. Eventually the trial court agreed and no further record was made. We note that the jury verdict form indicates that the jury answered question no. 1 (i.e., Was the defendant negligent?) "NO."

Subsequently, plaintiff moved for a new trial on the basis that the jury verdict that defendant was not negligent was against the great weight of the evidence and defendant moved to amend the jury verdict or reconvene the jury. The trial court granted plaintiff's motion and denied defendant's motion. Defendant moved for rehearing of the order granting plaintiff's motion for a new trial, noting that the trial court had ruled on the motion without the benefit of a transcript. The trial court denied defendant's motion for rehearing.

Defendant contends that the circuit court erred when it denied its motion to amend the jury verdict or reconvene the jury because the jury misrecorded its true verdict. Plaintiff disagrees, claiming that the poll of the jury constituted its true verdict and that, after being discharged, the jury could not impeach its verdict.

Here, the jurors' proposed testimony was offered to show a mistake in the nature of a clerical error

which occurred after the deliberations of the jury
had ceased and they had actually agreed upon a
verdict. We agree with defendant that a unani-
mous mistake of the jury in the nature of a
clerical error in transcribing or reporting its al-
ready-arrived-at verdict may be shown by the ju-
rors' affidavits or testimony. *Dunham v VFW Post
446,* 104 Mich App 541; 305 NW2d 260 (1981), lv
den 412 Mich 912 (1982). Anno: *Competency of
juror's statement or affidavit to show that verdict
in civil case was not correctly recorded,* 18 ALR3d
1132, 1163-1164. But see and compare *Hoffman v
Monroe Public Schools,* 96 Mich App 256; 292
NW2d 542 (1980), lv den 409 Mich 931 (1980).
Compare *Metz v City of Bridgman,* 371 Mich 586;
124 NW2d 741 (1963); *Ledbetter v Brown City
Savings Bank,* 141 Mich App 692; 368 NW2d 257
(1985); *Brillhart v Mullins,* 128 Mich App 140; 339
NW2d 722 (1983); *Abraham v Jackson,* 102 Mich
App 567, 572; 302 NW2d 235 (1980), lv den 413
Mich 905 (1982). Hence, we hold that the trial
court erred when it denied defendant's motion.

On remand, the trial court should hold an evi-
dentiary hearing and, if the jurors unanimously
agree that their verdict was erroneously recorded,
the verdict should be amended to reflect their true
verdict and the trial court's orders granting plain-
tiff's motion for a new trial and denying defen-
dant's motion for rehearing should be vacated. If
the jurors do not unanimously agree that their
true verdict was erroneously recorded, we retain
jurisdiction to decide the issue of whether the trial
court abused its discretion when it granted plain-
tiff's motion for a new trial.

Reversed and remanded.

R. B. Burns J., concurred.

Michael J. Kelly, J. *(dissenting).* I dissent from

the majority's conclusion that the jury's verdict may be set aside and the jury reconvened for an evidentiary hearing to determine the correct verdict.

It is well established that a jury's verdict may not be impeached by juror testimony or affidavits where the jury members were polled, concurred in their verdict, and were discharged. *Consumers Power Co v Allegan State Bank,* 388 Mich 568, 573; 202 NW2d 295 (1972); *Metz v City of Bridgman,* 371 Mich 586, 592; 124 NW2d 741 (1963); *Routhier v Detroit,* 338 Mich 449, 452-454; 61 NW2d 593 (1953); *Heintz v Akbar,* 161 Mich App 533, 540; 411 NW2d 736 (1987). There are two narrow exceptions to this rule. First, where the jury has not yet been polled, juror affidavits or testimony may be used to establish that the verdict was not unanimous so as to permit the trial court to poll the jury regarding its true verdict. *Routhier, supra; Ledbetter v Brown City Savings Bank,* 141 Mich App 692, 698; 368 NW2d 257 (1985); *Hoffman v Monroe Public Schools,* 96 Mich App 256, 257-258; 292 NW2d 542 (1980), lv den 409 Mich 931 (1980). Second, affidavits and testimony of jurors may be used to challenge the verdict where the written verdict does not conform to the true verdict due to a clerical error. *Ledbetter, supra; Brillhart v Mullins,* 128 Mich App 140, 154; 339 NW2d 722 (1983); *Dunham v VFW Post 446,* 104 Mich App 541, 544; 305 NW2d 260 (1981), lv den 412 Mich 912 (1982). However, the mere claim that the jury intended a different outcome does not permit modification or grant of a new trial. *Brillhart.*

Neither of these two exceptions apply to the instant case. Here, the jury was polled, assented to its verdict, and was discharged. Jurors' testimony or statements after discharge may not be used to

attack the verdict under the first exception. The jurors assented to the verdict upon being polled and so are estopped from impeaching their verdict at a later date. Nor does the second exception apply. Contrary to the majority's holding, this case simply cannot be characterized as a clerical error in transcribing the jury's verdict. The jury recorded the same verdict on the verdict form as it delivered verbally and assented to upon being polled. There was simply no clerical error or transcription error in writing down this verdict. The jury is not permitted to impeach its verdict. An evidentiary hearing to permit the jury to impeach its own verdict is an abomination and would be contrary to Michigan law. The trial court did not err in denying defendant's motion to amend the jury's verdict or to reconvene the jury.

Since the jury's given verdict seems to me to be against the great weight of the evidence, I find no error in the trial court's grant of plaintiff's motion for a new trial. I would affirm.